LAWRENCE SHAY, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Kings County, July 25, 1939.

*George Knopp*, for the plaintiff.

*Townley, Updike & Carter*, for the defendant.

STEINBRINK, J. The defendant moves for an order dismissing the complaint on the ground that it fails to state a cause of action.

Plaintiff is the holder of two policies of life insurance issued by the defendant. Alleging that under the said policies he is entitled to participate in the surplus earnings of the defendant, he sues on his own behalf and on behalf of all other policyholders of defendant similarly situated to restrain the defendant from making expenditures to defray the cost of certain radio programs. In the complaint it is alleged that since April 1, 1939, the defendant has expended out of its assets, moneys and surpluses approximately $10,000 each week in connection with radio programs, an expenditure characterized as " an excessive and exorbitant charge therefor; " that the purpose of said radio programs is to advise the public not to consult those who hold themselves out as insurance advisers; that the aforesaid expenditures, authorized neither by its charter nor by the Insurance Law of the State of New York, constitute a waste and injury to the property, assets, funds and surplus of the defendant.

It should be noted that the plaintiff alleges no facts in support of his conclusion that the expenditures complained of were *ultra vires* the corporation and constituted waste or unlawful depletion of the surplus. The fact that the defendant expends $10,000 each week in the conduct of a series of radio programs, without more, affords no basis for any conclusion of wrongdoing. Furthermore, even though it be assumed that the plaintiff has a standing in equity by reason of the ownership of two policies, it would seem that he would not be entitled to the relief sought in the absence of proof that he has exhausted the remedies afforded him by section 40 of the Insurance Law, which directs the Superintendent of Insurance to examine into the affairs of any insurance corporation " whenever any stockholder, policy holder or judgment creditor of any such corporation or other insurer shall, by a declaration subscribed and

sworn to by him, notify the Superintendent of facts within the knowledge of the person making the declaration, and stated therein, or within the knowledge of persons whose affidavits stating the same are presented therewith, which in the judgment of the Superintendent makes such an examination advisable." (Cf. *Isaac* v. *Marcus*, 258 N. Y. 257, 268.)

Motion to dismiss the complaint is accordingly granted. In view of this determination, plaintiff's motion for a temporary injunction is denied.