HERBERT CLIFFORD and Others, on Behalf of Themselves and on Behalf of All Other Policyholders of Metropolitan Life Insurance Company Similarly Situated, Appellants, *v.* METROPOLITAN LIFE INSURANCE COMPANY and Others, Respondents, and JEREMIAH MILBANK and Others, Defendants.

Second Department, May 11, 1942.

*Edward J. Gedalecia* [*Charles D. Scanlon* with him on the brief], for the appellants.

*Stuart N. Updike* [*Frederick C. Tanner* and *James B. Donovan* with him on the brief], for the respondents.

HAGARTY, J. This is a derivative action in which plaintiffs, as policyholders of defendant Metropolitan Life Insurance Company, on behalf of themselves and all others similarly situated, seek to enjoin certain individuals and associations, characterized and hereinafter referred to as " conspirators," from advertising in a manner which injures the insurance company. It is alleged that the conspirators charge the insurance company with exacting exorbitant

premiums and urge its policyholders to seek their services by means of a false representation that they, the conspirators, will procure for the policyholders the same insurance at less cost; that the policyholder who accepts the services of the conspirators pays a fee for such services; that he is induced to surrender his policy and to share its cash surrender value with the conspirators; that his name and confidential data extracted from him become part of a " sucker " list compiled and sold by the conspirators.

All of this, it is alleged, has reduced the volume of business of the insurance company and has required additional employees to handle the increased clerical work. The result is that the policyholders have suffered and continue to suffer a loss in the value and earnings of their policies and the dividends payable on them.

The conspirators are not here. The respondents are the insurance company and a group of defendants who are, or have been during the alleged period of activity of the conspirators, the directors or officers of the insurance company. These directors have been requested by one of the plaintiffs to cause an action to be brought by the insurance company to restrain the conspirators and they have refused so to do.

Alleging that the insurance company is suffering irreparable damage and has no adequate remedy at law, plaintiffs seek an injunction permanently restraining the acts of which complaint is made, as well as a money judgment against the conspirators and in favor of the insurance company for damages.

Respondents concede that their corporation is a mutual life insurance company. The relationship between such company and its policyholders is essentially that of debtor and creditor. ( *Uhlman* v. *New York Life Ins. Co.*, 109 N. Y. 421.) It was held in *Russell* v. *Pittsburgh Life & Trust Co.* (132 App. Div. 217) that a policyholder cannot maintain a suit in equity to enjoin the sale of corporate assets to another insurance company pursuant to a merger agreement. There remains, nevertheless, some doubt as to the correctness of the contention of the directors that it must be held, as a broad and arbitrary rule of law, that a policyholder has no standing to bring a derivative action in behalf of his insurance company. The policyholders are entitled to vote for and elect the directors (Insurance Law, § 198, subds. 1 and 2), to inspect the company's records as to the names and addresses of its policyholders (Insurance Law, § 198, subds. 3, 4 and 6), and to participate in the annual surplus of the company (Insurance Law, § 216, subd. 1). If there be an inequitable distribution of surplus, a policyholder may sue to obtain his proportionate share. ( *Uhlman* v. *New York Life Ins. Co.*, *supra*, p. 432; *Rhine* v. *New York Life*

*Ins. Co.*, 273 N. Y. 1.) A creditor may bring an action against officers of a corporation for misconduct, inclusive of neglect or failure to perform their duties. (Gen. Corp. Law, §§ 60, 61.) The policyholder of a mutual life insurance company, therefore, has a property interest in surplus and a voice in the management. It is unnecessary, however, on this appeal to hold that a policyholder is without standing even though the cause of action presented be highly and patently meritorious.

If it be assumed that a policyholder may maintain a derivative action, he must at least show that he has exhausted all other available remedies and that the cause is so meritorious in nature that the failure of the directors to have prosecuted it was tantamount to a breach of duty. (*Isaac* v. *Marcus*, 258 N. Y. 257.) Plaintiffs do not allege that they called upon the State Superintendent of Insurance to exercise his powers pursuant to section 28 of the Insurance Law or to enjoin the conspirators as service organizations. (Insurance Law, §§ 34, 182, 180, subd. 6.) It was incumbent upon them to do so as a prerequisite to the maintenance of this action, and it is no answer to urge that the Superintendent of Insurance was not obliged to comply with their request, or that a question of law might be presented with respect to the applicability to the conspirators of the term " service organization."

The basic fault of the present complaint, however, is that it fails to show a breach of duty on the part of the directors. Corporate acts of directors accomplished in good faith and in the exercise of an honest judgment are valid and conclude the corporation and its stockholders. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 124.) Directors are presumed to act honestly and in accordance with their best business judgment, and sometimes properly may waive a legal right vested in the corporation in the belief that its best interests will be promoted by not insisting on such right. (*Corbus* v. *Gold Mining Co.*, 187 U. S. 455, 463.) Whether a corporation should enforce a cause of action is, like other business questions, ordinarily a matter of internal management, and courts seldom interfere with the discretion so exercised by directors, except where they are guilty of misconduct equivalent to a breach of trust. (*United Copper Co.* v. *Amalgamated Copper Co.*, 244 U. S. 261, 263, 264.) The complaint in a derivative action by a stockholder must show that the refusal of the corporation to bring suit is not based upon the exercise of reasonable discretion, but is itself a wrong perpetrated upon the stockholder. (*Koral* v. *Savory, Inc.*, 276 N. Y. 215.)

It was incumbent upon plaintiffs, therefore, to show not merely that the directors had not prosecuted a suit in equity for an injunc-

tion of the type plaintiffs seek, but to show that they had not taken any other appropriate action. In *Shay* v. *Metropolitan Life Insurance Co.* (172 Misc. 202; affd., 260 App. Div. 958) there was considered the sufficiency of a complaint of a policyholder, suing in a representative capacity, against the present insurance company, and with respect to the stated activities of the conspirators or some of them. In the *Shay* case, however, the criticism of the insurance company was not, as here, that it was not taking action against the conspirators. Instead, the policyholder sought to restrain the insurance company from conducting a radio program of its own in answer to radio attacks upon it. We predicated our affirmance of the dismissal of the complaint on the ground that it was an attempt to interfere with the exercise of the business judgment of the directors.

The directors apparently deem an action for an injunction of the type sought by plaintiffs as inadvisable. The matter is one of judgment. If such an action were commenced by respondents, each conspirator might assume the role of one wronged. He might claim that the insurance company was seeking to abridge his right of free speech. (*Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384, 391, 392.) In any event, the conspirator might be enabled loudly to protest that the insurance company was seeking to silence him so as to deprive the public in general, and its policyholders in particular, of an opportunity to learn the truth. The complaint fails to disclose anything more than a matter within the exercise of business judgment.

The order granting the motion to dismiss the complaint, and the judgment entered in accordance therewith, should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Order granting respondents' motion to dismiss complaint, and judgment entered in accordance therewith, unanimously affirmed, with ten dollars costs and disbursements.