John E. Cone, J.
In this stockholders’ derivative action defendants Case, McClintock and Glen Alden Corporation move to dismiss the complaint on the ground that it fails to set forth facts sufficient to constitute a cause of action. Defendants Manheim, Glover, Johnson and Fuller also move for the same relief.
Defendants are charged with the selling of an undefaulted mortgage of $6,210,000 to the mortgagor or his nominees for the sum of $3,000,000 consisting of $2,500,000 in cash and a second mortgage of $500,000, resulting in a discount of the mortgage at a loss of approximately $3,200,000; and that such discount was not in the interest or benefit of the defendant corporation and its stockholders and that the defendants were either negligent or were guilty of bad faith, malfeasance and breached their trust as trustees of the defendant corporation. It is further alleged that the rationale given by the defendants for their acts was that the loss could be added to the other losses from previous years and would be carried forward as a credit against future taxes and that the additional cash afforded the opportunity for further diversification.
While it is true that on motions of this character the contents of the complaint must he liberally construed and all facts and *1062 fair inferences therefrom must be deemed admitted, one cannot from the mere allegations of the sale, arrive at the conclusion that there was fraud or conduct so manifestly oppressive as to be equivalent to fraud (Burden v. Burden, 159 N. Y. 287; Leslie v. Lorillard, 110N. Y. 519).
In order to set forth a sufficient cause of action, it would be necessary to plead facts of misconduct amounting to bad faith or breach of trust which caused the alleged wrong. No facts are pleaded except for the conclusory statements that the defendants acted in bad faith, wrongfully or illegally. The mere difference in the alleged value of the mortgage and the sale price, in and of itself and without further facts, fails to establish the essential elements needed to sustain such cause of action. The charges must be supported by factual assertions of specific wrongdoing rather than conclusory allegations of breaches of fiduciary duty (Steinberg v. Carey, 285 App. Div. 1131), particularly in view of the allegations of the complaint alleging the rationale for the defendants’ action.
In an analogous situation, where the notes of the defendant corporation were sold at 90% of their value and where the complaint was dismissed for insufficiency, the court in Holmes v. Saint Joseph Lead Co. (84 Misc. 278, affd. 163 App. Div. 885) stated (p. 283): “ A contract made by a corporation within the scope of its chartered powers may not be set aside merely because some stockholders believe it to be unwise. There must be either fraud or conduct so manifestly oppressive as to be equivalent to fraud. Burden v. Burden, 159 N. Y. 287, 307; Leslie v. Lorillard, 110 id, 532; Pollits v. Wabash R. R. Co., 207 id. 113, 124. No charge of fraud is made. There is no claim that the price of 90 was fixed by the directors with any furtive purpose to benefit themselves or to despoil the company. There is not even a claim that any better price could be obtained. There is merely the assertion of the plaintiffs ’ disagreement with the directors as to the expediency of the transaction. McMullen v. Ritchie, 64 Fed. Repr. 253, 262; Pollits v. Wabash R.R. Co., supra. Because of this diversity of view, the court is asked to revise the judgment of the directors, and substitute its conclusion for theirs. In the language of Peckham, J., in Gamble v. Queens County Water Co., 123 N. Y. 91, 99: ‘ This is no business for any court to follow ’ ” (see, also Rous v. Carlisle, 261 App. Div. 432, affd. 290 N. Y. 869).
Nor does it appear so plainly from the facts pleaded as to lead to a clear inference that the defendants acted with the intent to subserve some outside purpose and in a manner inconsistent with the corporate interest (Gamble v. Queens County Water Co., 123 N.Y. 91).
*1063 Under the circumstances, the motions are granted without prejudice to the plaintiffs pleading over within 20 days after the service of a copy of the order to be entered herein, with notice of entry.
Settle order on notice.