334 F.Supp. 399 (1971)
Joseph H. MORROW, Jr., Plaintiff,
v.
Edward D. SCHAPIRO
and
Allen J. Portnoy, Defendants.
No. 71 C 140(3).
United States District Court, E. D. Missouri, E. D.
October 14, 1971.
*400 Richard L. Ross, Slonim & Ross, Clayton, Mo., for plaintiff.
Martin M. Green, Clayton, Mo., for defendants.

MEMORANDUM AND ORDER
WEBSTER, District Judge.
This matter is before the court on motion of defendants to dismiss plaintiff's complaint for failure to state a claim against either defendant upon which relief may be granted. Plaintiff relies for jurisdiction upon 15 U.S.C. § 78aa, which is Section 27 of the Securities Exchange Act of 1934. For purposes of the motion, all well pleaded allegations of fact will be taken as true.
The complaint is in two counts. Count I alleges that plaintiff acquired 18,615 shares of Permaneer Corporation, which is listed and traded on the American Stock Exchange. Defendants Schapiro and Portnoy are Chairman of the Board and President respectively of Permaneer Corporation and are major stockholders of said corporation. Plaintiff alleges that he consulted with defendants and that he relied upon their advice in determining not only to make the purchase of the stock in early 1969, but when and how to close out his transactions therein by selling it. He alleges that defendants knowingly and willfully misrepresented the condition of the company to him in order to dissuade him from selling his stock at a time when such sale would have had an adverse effect upon defendants' own investment strategy. Plaintiff alleges that he paid $582,620 for his stock; that he could have sold the shares for approximately $700,000 and would have done so but for the representations of defendants; and that at the time of the filing the lawsuit the shares had diminished in value to $56,000. Plaintiff does not allege that he has sold any stock as a result of such misrepresentations.
Count II is a restatement of the allegations contained in Count I with additional allegations intended to state a claim in common law fraud. Jurisdiction for Count II is founded upon principles of pendent jurisdiction, Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and if no claim is stated under Count I, Count II, should be likewise dismissed for lack of jurisdiction. Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970); United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
Count I alleges damages for violation of Rule 10b-5 of the Securities and Exchange Commission, adopted pursuant to Section 10(b) of the Securities and Exchange Act of 1934. Rule 10b-5 provides as follows:
"Rule 10b-5. Employment of Manipulative and Deceptive Devices.
It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
(1) to employ any device, scheme, or artifice to defraud,
(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." (Emphasis added)
Defendants contend that the misrepresentations as alleged in the complaint, even if made, were not made "in connection with the purchase or sale of any security", relying upon Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir. 1952). In reviewing the history of Rule 10b-5, the court in Birnbaum observed that prior to the adoption of the Rule only purchasers and not sellers of securities were protected against fraud in the purchase and sale of securities. (Section 17(a) of the Securities Act of *401 1933, 15 U.S.C.A. § 77q(a)). A comparison between Rule 10b-5 and Section 17(a) shows that the two are identical except for the substitution of "any person" for "the purchaser" in the Rule and the addition therein of the final clause "in connection with the purchase or sale of any security". The court in Birnbaum refused to extend the application of the Rule to mismanagement, which, in that case, was the rejection of a favorable merger offer and the subsequent sale by the corporate president of his own stock at a premium. The court held that Rule 10b-5 "extended protection only to the defrauded purchaser or seller." 193 F. 2d 461, 464.
Plaintiff purchased his stock from an independent broker. Plaintiff here would avoid the thrust of Birnbaum by urging that the misrepresentations, applying both to the original purchase and continuing thereafter were part of a continuing plan affecting his own continuing investment program. With some skill, plaintiff argues that the protection of 10b-5 should extend to stockholders who, although not sellers of securities, could somehow tack the misrepresentations to the original purchase, thereby making the misrepresentations "in connection with the purchase * * * of any security." But as defendants correctly observe, the complaint on its face shows that the investment was, at least initially, a profitable one. The stock increased in value from an original cost of $582,620 to $700,000. Even assuming that the misrepresentations were made and that plaintiff relied upon them in connection with the purchase of the securities, no damage can be shown as a result of such purchases. We must therefore consider the effect of subsequent occurrences independently of the original purchase. In other words, plaintiff must show the prohibited acts occurred in connection with a sale of a security.
The courts have repeatedly held that one who retains his stock cannot bring himself under the provisions of Section 10(b); he must be a defrauded "seller" to qualify. Greenstein v. Paul, 400 F.2d 580 (2d Cir. 1968); Herpich v. Wallace, 430 F.2d 792 (5th Cir. 1970); Cooper v. Garza, 431 F.2d 578 (5th Cir. 1970); Keers and Company v. American Steel and Pump Corporation, 234 F.Supp. 201 (S.D.N.Y.1964).
Attention has been drawn to exceptions under mitigating circumstances to the rule announced in Birnbaum. See Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967) (10b-5 held applicable to merger situation in which the plaintiff was deemed an involuntary seller); Crane Company v. Westinghouse Air Brake Company, 419 F.2d 787 (2d Cir. 1969) (tender offer frustrated by defendant; market manipulation entitled to standing); Commerce Reporting Co. v. Puretec, Inc., 290 F.Supp. 715 (S.D.N.Y. 1968) (person prevented from selling because of alleged fraud has standing to sue.) Plaintiff urges that "the evolving judicial application of Rule 10b-5 supports the proposition that it is unnecessary to prove a consummated or closed purchase or sale as a condition to the institution of a suit thereunder." The cases to date do not support this broad brush conclusion.
Noting that "Rule 10b-5 specifically provides protection only in connection with the purchase and sale of the security", the Eighth Circuit held that plaintiffs who were "neither purchasers or sellers of the allegedly fraudulent security and were not the parties defrauded by a purchase or a sale" had failed to state any cause of action under § 10(b) of the 1934 Act. Greater Iowa Corporation v. McLendon, 378 F.2d 783 (8th Cir. 1967). The Eighth Circuit, in subsequent decisions has declined opportunities to give the term "seller" a more expanded meaning. City National Bank of Fort Smith, Arkansas v. Vanderboom, 422 F.2d 221 (8th Cir. 1970), cert. denied 399 U.S. 905, 90 S.Ct. 2196, 26 L. Ed.2d 560 (1970) (where plaintiffs were stockholders of a defrauded corporate purchaser of a security); Erling v. Powell, 429 F.2d 795 (8th Cir. 1970) (where defendant sold control stock to a *402 third party, allegedly defrauding minority stockholders).
In Erling, supra, the court reviewed the inroads on the seller-purchaser standards, particularly in the Second and Third Circuits, to permit plaintiffs who are not buyers or sellers of securities in a technical sense to sue upon showing damages flowing from misrepresentation, deception or market manipulations by a buyer or seller of securities. (1. c. page 799). Without expressly adopting or rejecting this "relaxed" standard, the court first found that plaintiffs were not purchasers or sellers, and then found that plaintiffs could not show "damage flowing" from such misrepresentation since the plaintiffs did not claim that defendants as sellers defrauded a shareholder "as buyer", nor did plaintiff contend that defendants victimized shareholders of a corporation in purchasing the shares of such corporation. To the extent that plaintiff in the instant case bases his 10b-5 position on alleged sales by defendants, under Erling he still would fail because he could not show the misrepresentations damaged him as a purchaser. The Eighth Circuit has not yet recognized a 10b-5 remedy for competing sellers or would-be sellers, however deceitful one competitor might be to the other.
Plaintiff contends that defendants dissuaded him from selling his stock in order that they might unload some of their own shares and then be in a position to purchase shares after the sale of plaintiff's shares had depressed the market value of the outstanding stock. The facts as alleged show that the alleged misrepresentations were not made to induce the purchase of the securities from defendants themselves, nor did plaintiff lose any money by the sale of securities as a result of such representations. See Erling v. Powell, supra, 429 F.2d 795. There must be a "connection" with a purchase or sale and not merely a financial consequence of the fraudulent statement. Norsul Oil & Mining, Ltd. v. Texaco, Inc., 309 F.Supp. 1242 at 1245 (S.D.N.Y.1970). The Rule was succinctly stated by Judge McLean when he wrote in Levine v. Seilon, Inc., CCH F.2d Sec.L.Rep. ¶92,941 (S.D.N.Y. 1970), affirmed 439 F.2d 328 (2d Cir. 1971):
"Inducing a stockholder by misrepresentations to retain his stock does not come within Section 10(b) which presupposes a purchase or sale."
See Gordon v. Lipoff, 320 F.Supp. 905 (W.D.Mo.1970).
In Iroquois Industries, Inc. v. Syracuse China Corporation, 417 F.2d 963 (2d Cir. 1969), cert. denied, 399 U.S. 909, 90 S.Ct. 2199, 26 L.Ed.2d 561 the Second Circuit considered an attack on Birnbaum similar to plaintiff's argument in this case and said (1. c. p. 967):
"(We) do not believe that `the purchaser-seller limitation' of Birnbaum `has been relaxed' by later decisions of this Court. * * *"
The Second Circuit in Iroquois went on to explain that Vine, supra, and A. T. Brod & Co. v. Perlow, 375 F.2d 393 (2d Cir. 1967) simply hold that liability under Rule 10b-5 does not depend on a securities transaction between plaintiff and defendant, and said (l. c. page 968):
"This has nothing whatever to do with the Birnbaum rule, that liability under Rule 10b-5 does depend on a purchase or a sale by plaintiff, as to which purchase or sale there is a claim of fraud." (Emphasis added)
In each of the so-called relaxed applications of Birnbaum cited above, the court was able to find that the plaintiff was in fact or de facto a seller or purchaser in connection with an actual or de facto sale or purchase of a security. In the instant case, plaintiff forbore to sell his securities. He was not an involuntary seller nor does he qualify under any of the other exceptions by which standing has been granted in other cases. Nor was he a defrauded purchaser, because the stock advanced in value after he purchased it, and it cannot be said that he suffered damage on account of the purchase.
Plaintiff asks this court to extend the protection of Rule 10b-5 to include two other possible situations, both of which *403 plaintiff contends apply here: (1) where the misrepresentations adversely affect a speculation in which the purchaser purchases stock with a plan to sell it at a profit in a turn-around situation; and (2) where the defendants making the misrepresentations were themselves engaged in a plan of strategic sale of their own securities, and the misrepresentations were made to induce plaintiff not to sell and thereby adversely affected plaintiff in connection with the sale of defendants' securities.
This court finds no authority for holding that Rule 10b-5 can be made to apply to a package transaction where there has been no sale of the securities simply because the plaintiff, at the time of the purchase, intended to sell when the time was ripe. Plaintiff had no right to insider information to consummate a short swing profit at the possible expense of other investors. Rule 10b-5 was not drawn to protect such speculation. Levine v. Seilon, supra, 439 F.2d 328, 333. The words "in connection with the purchase or sale of any security" mandate no other conclusion.
To adopt plaintiff's second contention that the above quoted language from Rule 10b-5 can be applicable to the defendants in connection with their independent purchases and saleswould be to ignore the prior holdingsparticularly in the Eighth Circuitthat the defrauded party must either be the purchaser or the seller "in connection" with the purchase or sale. However deceitful and false the misrepresentations may have been, the plaintiff must be a purchaser or a seller (voluntary or involuntary) in a purchase or sale as to which there is a claim of fraud. Iroquois Industries, Inc. v. Syracuse China Corporation, supra, 417 F.2d 963, 968. For the reasons stated, this court concludes that plaintiff lacks standing to bring this action under Rule 10b-5.
Count II of the Complaint is in common law fraud. No independent basis for federal jurisdiction is asserted. Pendent jurisdiction here should fail in view of the court's determination that Count I fails to state a claim upon which relief may be granted in this court and that the court lacks jurisdiction over the subject matter. Vanderboom v. Sexton, supra; United Mine Workers of America v. Gibbs, supra, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, and cases cited therein at page 726, fn. 16, 86 S.Ct. at page 1139.
This ruling does not deprive plaintiff of a remedy. The facts alleged, if proved, may well support a claim under Missouri common law. The field of investor protection will be better served by the exercise of judicial restraint in using a rule of the Securities and Exchange Commission to supply federal jurisdiction in situations not clearly contemplated by such rule. Extension is more properly a legislative function. Iroquois Industries, Inc. v. Syracuse China Corporation, supra, 417 F.2d 963 at 969.
Accordingly, it is ordered that defendants' Motion to Dismiss be and is sustained and the Complaint is hereby dismissed without prejudice at plaintiff's cost. In view of the court's ruling, it is unnecessary to dispose of defendants' motion to strike and for more definite statement.