378 F.Supp. 894 (1974)
Myron HARRIS, Plaintiff,
v.
AMERICAN INVESTMENT COMPANY et al., Defendants.
No. 71C 732 (A).
United States District Court, E. D. Missouri, E. D.
June 24, 1974.
*895 *896 Robert C. Cohen, Jacob J. Siegal, Meltzer & Schiffrin, Philadelphia, Pa., Lawrence P. Kaplan, Susman, Schermer, Willer & Rimmel, St. Louis, Mo., for plaintiff.
Robt. S. Allen and Dominic Troiani, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendants American Investment Co., Donald L. Barnes, Jr., Harry W. Hartley, Al L. Letourneau, Warren E. Van Norman, Erwin A. Stuebner, R. Bruce Snow, Norfleet H. Rand, W. Benton McMillan, Basil L. Kaufmann, Henry R. Barber, H. Reid Derrick, Albert J. O'Brien, Chas. F. Burns.
Veryl L. Riddle, of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for Haskins & Sells.

MEMORANDUM OPINION
HARPER, District Judge.
All the defendants, American Investment Company (hereinafter referred to as AIC), Barnes, Hartley, Letourneau, Van Norman, Stuebner, Snow, Rand, McMillian, Kaufmann, Barber, Derrick, O'Brien and Burns (hereinafter referred to as individually appearing defendants), and Haskins & Sells, have moved to dismiss or strike Counts I and II of plaintiff's amended complaint with prejudice for failure to state a claim for which relief can be granted and for failure to comply with this Court's Memorandum and Order (hereinafter referred to as Memorandum) entered in this case on December 29, 1972. AIC and the individual defendants have moved to dismiss or strike Count III of the amended complaint for the same reasons as stated for dismissal of Counts I and II. The individual defendants have also moved to dismiss or strike Count IV of the amended complaint for failure to state a claim and for failure to comply with this Court's Memorandum. Counts I, II and III are challenged in the motions to dismiss or strike with prejudice for the same reasons. Accordingly, these motions to dismiss or strike with prejudice will be dealt with together.
AIC and the individually appearing defendants jointly filed a motion for summary judgment, and Haskins & Sells filed a motion for summary judgment on Counts I and II. The motion of AIC and the individually appearing defendants was supported by affidavit pursuant to Rule 56 of the F.R.Civ.P. As grounds for this motion the defendants contend that the pleadings and answers to interrogatories, together with the affidavit filed, show that the plaintiff has not suffered any damage as a result of any alleged wrongdoing of the defendants. AIC and the individually appearing defendants also jointly filed a motion to dismiss Counts I through III of the amended complaint as a class action. Plaintiff, Myron Harris, filed a motion for an order from this Court finding that this action is maintainable as a class action under Rule 23 of the F.R.C.P.
Plaintiff, a shareholder of AIC, brought this suit on his own behalf, as a representative of the class of all present and former common stockholders of AIC similarly situated, and derivatively on behalf of AIC against AIC, certain of its officers and directors, and Haskins & Sells, AIC's independent auditors. Plaintiff alleges that this Court has jurisdiction *897 under Section 22 of the Securities Act of 1933, 15 U.S.C.A. § 77v, Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78aa, and because of diversity of citizenship.
Count I of the amended complaint charges the defendants with violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j, and Rule 10(b)-5, 17 CFR 240.10b-5 (1949), promulgated pursuant thereto. Count I alleges that beginning on or before June 30, 1968, the defendants made, or caused to be made, misleading or false statements concerning the financial position and operating results of AIC or made such omissions of fact as to be misleading. Such statements or omissions were allegedly made in such places as press releases, statements and reports to stockholders, and reports and statements filed with the Securities and Exchange Commission and the New York Stock Exchange.
Count II of the amended complaint incorporates the allegations of Count I, and charges the defendants with a violation of Section 18(a) of the Securities Act of 1934, 15 U.S.C.A. § 78r, for filing reports and documents containing false and misleading statements or material omissions with the Securities and Exchange Commission.
Count III of the amended complaint charges that defendants, other than Haskins & Sells, violated Section 10(b) and Rule 10(b)-5 and Section A2 of AIC's listing agreement with the New York Stock Exchange by failing to advise AIC and its stockholders of favorable offers which had been made to the defendants for the stock of AIC in a proposed merger. Count III further alleges that these acts constitute fraud and deceit at common law.
Count IV of the amended complaint (a derivative action) alleges that the individual defendants who are or were officers or directors of AIC were guilty of breaching their fiduciary duty to the corporation and mismanaged and wasted the corporation's assets.
In this Court's Memorandum and Order dated December 29, 1972, this Court found that the allegations of Counts I, II and IV of the original complaint were too vague to withstand attack under F.R. C.P. 9(b), which requires that fraud be pleaded with particularity. Count I of the original complaint and Count II by incorporation by reference, alleged that "[B]eginning on or before June 30, 1968, and continuing through December 31, 1970, * * * defendants have caused to be circulated and disseminated to the public numerous press releases * * * describing purported actual results of operations of AIC in such a way as to be misleading and misrepresentative." Count IV, by incorporating Count III by reference alleged that defendants failed to advise plaintiff "with respect to proposals by other publicly owned corporations, where AIC would merge, combine with, or be acquired."
The Court in granting defendants' motions at that time granted plaintiff leave to amend the complaint. Plaintiff filed an amended complaint which included in Counts I and II, thirty pages (pp. 7-36) of detailed references to the documents which contained the false and misleading statements and which identified the particular statement within each document misrepresented or omitted.
On page 5 of the Memorandum this Court quoted from Trussell v. United Underwriters, Ltd., 228 F.Supp. 757, 774 (D.Colo.1964) as follows:
"The theory of Rule 9(b) is that the defendant in a case wherein the plaintiff alleges either fraud or mistake  unlike defendants in other actions  should be rather specifically apprised by the plaintiff's pleading of the occasion on which and the circumstances under which he allegedly defrauded a particular plaintiff. * * *
"Rule 9(b) does not, however, require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification *898 of the circumstances constituting fraud or mistake."
Plaintiff's obligation is to apprise the defendants of the occasion on which and the circumstances under which he, defendant, allegedly defrauded the plaintiff. With particularity, plaintiff has apprised defendants of the occasions on which plaintiff alleged he was defrauded. The information respecting fraud or mistake is set forth with sufficient clarity for the defendants to know what they are required to meet  no more, no less. Thus, the requirements of Rule 9(b) have been met in connection with Counts I and II. The motions to dismiss Counts I and II for failure to state a claim are overruled.
Count III of the amended complaint is the same as Count IV of the original complaint except for the allegation that jurisdiction is based upon the doctrine of pendent jurisdiction and the addition of the names of two publicly owned corporations with whom plaintiff alleges defendants had merger negotiations. The mere addition of two names in Count III of the amended complaint does not fulfill the demands of Rule 9(b). The defendants are neither apprised of the occasion on which or the circumstances under which they allegedly defrauded the plaintiff, as required by Trussell v. United Underwriters, Ltd., supra.
All of the defendants, except Haskins & Sells, move this Court to dismiss Count III for the additional reason that plaintiff failed to state a claim upon which relief can be granted because he failed to plead that he was a shareholder at the time of the acts complained of in Count III, and hence, could not have suffered any damage as a result thereof, as required in order to state a claim under Rule 10(b)-5. Smith v. Murchison, 310 F.Supp. 1709, 1084 (S.D.N.Y.1970). Count III alleges that the activity complained of, failure to disclose merger negotiations, commenced in 1968 and continued into 1969. Although plaintiff purchased his AIC stock on August 4, 1969, his pleadings do not state that he was a shareholder of AIC at the time of the alleged merger negotiations. Therefore, plaintiff could not have suffered any damage as the result of the acts complained of in Count III.
Count III of plaintiff's amended complaint also fails to state a claim for which relief can be granted under § 10(b) of the Securities Exchange Act of 1934 for other reasons. As discussed in this Court's Memorandum and Order entered in this case on December 29, 1972, § 10 (b)-Rule 10(b)-5 liability necessitates a showing that plaintiff either purchased or sold his stock in reliance on a violation of § 10(b)-Rule 10(b)-5. Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2nd Cir.) cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952).
At that time plaintiff requested leave to amend his complaint to allege purchase of his shares in reliance upon defendants' alleged misconduct of failing to disclose merger negotiations. Plaintiff has not amended his complaint to show such reliance and has failed to show that a loss flowed directly from his purchase of the AIC stock as required by Smith v. Murchison, supra, in order to state a claim under Rule 10(b)-5.
The plaintiff further alleges in Count III that another basis for seeking recovery in this count is alleged violations of Section A-2 of defendants' AIC's listing agreements with the New York Stock Exchange. In this Court's previous Memorandum and Order, it is stated on page 9: "* * * Violation of Section A2 of AIC's listing agreement with the New York Stock Exchange * * * rests upon diversity of citizenship," and invited the attention of the plaintiff to Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), and Zahn v. International Paper Company, 469 F. 2d 1033 (2nd Cir. 1972), affirmed 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511, with respect to plaintiff's amended pleadings.
By not complying with the requirements in these two cases the Court assumes the plaintiff cannot allege facts *899 to support jurisdiction in a class action based on diversity with respect to Count III. The amended petition failed to comply with the Court's Memorandum. For the above reasons, the defendants' motions to dismiss for failure to state a cause of action are sustained. Count III will accordingly be dismissed without prejudice.
The individually appearing defendants have moved the Court to dismiss or strike Count IV. These defendants contend that Count IV fails to comply with Rule 23.1 of the F.R.C.P. in that plaintiff failed to plead that he was a stockholder at the time of the alleged transactions of which he complains and failed to allege that he has requested the stockholder of AIC to take action, or his reason or excuse for not taking such action.
Turning first to the defendants' second contention that plaintiff failed to allege that he requested the stockholders of AIC to take action, the case of Heit v. Bixby, 276 F.Supp. 217 (E.D.Mo.1967) is controlling. In the Heit case, the Court held that a stockholder's derivative action against all of the directors of a corporation for serious willful and negligent breaches of their fiduciary duties to the corporation should not be dismissed for plaintiff's failure to demand action on the part of the directors and stockholders of the corporation. In our present case Count IV is a stockholders' derivative action against all of the directors of AIC for breach of their fiduciary duties to the corporation. There is no merit to defendants' second contention.
With respect to the defendants' first contention, again it is evident from the pleadings that plaintiff failed to plead that he was a stockholder at the time of the events complained of in Count IV as required by Rule 23.1 of the F.R.C.P. In this Court's Memorandum, Count V of the original complaint was dismissed for failure to comply with Rule 23.1 of the F.R.C.P. There is no difference at all between Count IV of the amended complaint and Count V of the original complaint. The only item plaintiff added was a verification of the allegations in Count IV of the amended complaint. Plaintiff contends that a complaint is not to be dismissed on the grounds that the claims actually arose prior to the time plaintiff acquired his stock where the complaint alleges continuing wrongdoing occurring at the time plaintiff owns stock. Bateson v. Magna Oil Corporation, 414 F.2d 128 (5th Cir. 1969), cert. denied 397 U.S. 911, 90 S.Ct. 909, 25 L.Ed.2d 91 (1970). This Court in Heit v. Bixby, supra, permitted recovery in a derivative action for wrongdoing which commenced before the date plaintiff acquired stock but continued after the date plaintiff acquired stock; however, the recovery was limited to the period the plaintiff was a stockholder. With respect to the allegations charged in Count IV, this Court in its previous Memorandum on page 8 set out the pertinent part of Rule 23.1 of the F.R.C.P. that applied to this count. In part, the rule says: "The complaint * * * shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains * * *." Plaintiff here simply has not pled when the wrongdoings complained of began nor does plaintiff allege that any of the wrongdoings continued after August 4, 1969, when he acquired AIC stock. The motion to dismiss for failure to state a cause of action as to Count IV is sustained.
In view of the Court's prior Memorandum and the failure of the plaintiff to set out the date of the alleged wrongdoing or that any of the alleged wrongdoings continued after he acquired his stock on August 4, 1969, the Court assumes the plaintiff cannot allege facts to support Count IV. For the above reasons the motion of the individually appearing defendants to dismiss for failure to state a cause of action is sustained. Count IV of the amended petition will accordingly be dismissed without prejudice.
The Court now takes up defendants' motion for summary judgment on Counts I and II. The undisputed facts relating to this motion for summary judgment on *900 Counts I and II under Rule 56 of the F.R.C.P. are as follows: Plaintiff is presently the owner of one thousand (1,000) shares of AIC common stock which he purchased on August 4, 1969, at a price of $18 7/8 per share. Since the date of purchase, the stock market price has fluctuated from a low of $7 to a high of $20. In the period from August 5, 1969, through May 31, 1971, AIC common stock sold on the open market at prices of $18 7/8 or more for 47 days. This lawsuit was commenced on April 9, 1971, and for 18 of the first 30 days thereafter plaintiff could have sold his AIC stock at the price he paid for it or at a profit (Exhibit B. Affidavit of Warren E. Van Norman).
The defendants' contention is that the undisputed facts in this case disclose that plaintiff has not suffered any damages as a result of any alleged wrongdoing of the defendants because subsequent to plaintiff's purchase of his AIC common stock and subsequent to the filing of this lawsuit, plaintiff could have recouped his investment or sold at a profit on the open market: therefore, entitling defendants to summary judgment in their favor on Counts I and II. With this contention the Court agrees.
The facts of this case fall within the holding in Morrow v. Schapiro, 334 F. Supp. 399 (E.D.Mo.1971). In Morrow, plaintiff alleged violations of Section 10 (b) and Rule 10(b)-5 in connection with the purchase and retention of stock of Permaneer Corporation. The Court sustained defendant's motion to dismiss for failure to state a claim upon which relief could be granted.
The complaint alleged that plaintiff had acquired 18,650 shares of Permaneer Corporation on the open market; that he was induced to purchase and retain the stock by misrepresentation made by defendants; that he paid $582,620 for his stock; that he subsequently could have sold the shares for approximately $700,000; that he was still the owner of the stock; and that the stock had a value of only $56,000.
The Court ruled that plaintiff failed to state a claim as a purchaser for the reason that subsequent to the purchase of the stock he could have sold it at a profit, and hence, suffered no damages. On page 401 of the opinion the Court stated:
"But as [the] defendants correctly observe[d], the complaint on its face shows that the investment was, at least initially, a profitable one. The stock increased in value from an original cost of $582,620 to $700,000. Even assuming that the misrepresentations were made and that plaintiff relied upon them in connection with the purchase of the securities, no damage can be shown as a result of such purchases."
In order to state a claim under Rule 10(b)-5 it must appear not only that a purchase or sale took place, but that there was a loss and that the loss flowed directly from the purchase or sale. Smith v. Murchison, supra. Plaintiff's loss, if any, did not flow directly from the purchase or sale of the AIC stock, but flowed from plaintiff's own investment decision to retain the AIC stock.
Even in cases of alleged fraud, a plaintiff has a duty to mitigate his damages upon discovery of the fraud. Lack Industries, Inc. v. Ralston Purina Co., 327 F.2d 266 (8th Cir. 1964); Transport Manufacturing & Equipment Company v. Fruehauf Trailer Co., 295 F.2d 223 (8th Cir. 1961). Plaintiff in our present cause had eighteen opportunities to sell his stock at the price he paid for it or at a profit within the first month after he filed suit. The only reason plaintiff gives for not selling his AIC stock is that if he had done so he would have lost his standing to pursue a derivative action on behalf of the AIC. This was a personal decision and not the result of any alleged fraud on the part of any of the defendants.
Plaintiff argues that Travis v. Anthes Imperial Ltd., 473 F.2d 515 (8th Cir. 1973) implicitly limits the holding of the *901 Morrow v. Schapiro, supra, very narrowly. In the Travis case the defendants through misrepresentation and fraud caused plaintiffs to believe that they would later receive a tax-free exchange or an equivalent offer for their stock after a tender offer to Canadian shareholders had expired and that they, therefore, should hold onto their Anthes stock. The Eighth Circuit Court of Appeals in its opinion in the Travis case, at page 521, said:
"Absent defendants' encouragement, the plaintiffs would have sold their stock earlier when a market for Anthes stock existed and the price was higher. The fact that the sale took place at a time when the plaintiffs were aware of all the facts, including defendants' misrepresentations, is not fatal to the plaintiffs' claim."
The Morrow and Travis cases are distinguishable on very basic and sound grounds. In Travis there was a sale of the stock involved after the fraud was discovered and the sale was at a loss. In Morrow, as in our present cause, there was no sale of the stock. There is an additional fact that distinguishes our present case from both Morrow and Travis. Unlike the plaintiffs in Morrow and Travis, the plaintiff in our present cause could have sold his stock without suffering a loss after he discovered the alleged fraud.
The courts have repeatedly held that one who retains his stock cannot bring himself under the provisions of § 10(b); he must be a defrauded "seller" to qualify. Greenstein v. Paul, 400 F.2d 580 (2nd Cir. 1968); Herpich v. Wallace, 430 F.2d 792 (5th Cir. 1970); Cooper v. Garza, 431 F.2d 578 (5th Cir. 1970).
Plaintiff's loss was not in connection with the purchase of his AIC stock because he had numerous opportunities to sell without a loss after he discovered the alleged fraud, and plaintiff's loss was not in connection with the sale of his AIC stock because of his investment decision to retain the stock. Therefore, defendants are entitled to summary judgment in their favor on Counts I and II.
For the above stated reasons this Court sustains the motion of AIC and the individually appearing defendants for summary judgment on Counts I and II in their favor and against the plaintiff.
Turning now to the motion of AIC and the individually appearing defendants to dismiss Counts I through III of the amended complaint as a class action, it is fundamental that the class representative must himself possess a cause of action. Kansas City, Missouri v. Williams, 205 F.2d 47, 51 (8th Cir.), cert. denied 346 U.S. 826, 74 S.Ct. 45, 98 L.Ed. 351; Kauffman v. Dreyfus Fund, Inc., 2 Cir., 434 F.2d 727, 734. In view of the Court's ruling with respect to Counts I, II and III, the motion of AIC and the individually appearing defendants to dismiss will be sustained. This ruling also disposes of the defendants' motion with respect to declaring this a class action.
The Clerk of the Court will prepare and enter the proper order carrying out the Court's rulings as follows: Overruling the motions of all defendants to dismiss or strike as to Counts I and II of plaintiff's amended complaint for failure to state a claim for which relief can be granted; sustaining the motion of AIC and the individually appearing defendants to dismiss or strike Count III of plaintiff's amended complaint for failure to state a claim for which relief can be granted; sustaining the motion of the individually appearing defendants to dismiss or strike Count IV of plaintiff's amended complaint for failure to state a claim for which relief can be granted and dismissing Counts III and IV of plaintiff's amended complaint without prejudice; sustaining the motion of all defendants for summary judgment as to Counts I and II of plaintiff's amended complaint; and sustaining the motion of AIC and the individually appearing defendants to dismiss Counts I, II and III of the amended complaint as a class action.