552 F.Supp. 308 (1982)
Sidney WOLGIN, Plaintiff,
v.
Stanley SIMON; Robert F. Harris; Paul A. Cox; Leonard V. Waldron; Robert K. Crutsinger; Jerome A. Reuff; Milton F. Lewis; Clarence C. Barksdale; Richard C. Nieman; Ted C. Wetterau; David R. Cowart; John D. Ryan; Gene K. Davis; Charles L. Cockelreas; John S. Brizendine; Robert F. Hyland, Defendants.
and
Wetterau Incorporated, Nominal Defendant.
No. 82-1580C(C).
United States District Court, E.D. Missouri, E.D.
November 18, 1982.
As Amended November 23, 1982.
*309 Gerard F. Hempstead, St. Louis, Mo., Richard D. Greenfield, Donald B. Lewis, David B. Zlotnich, Bala-Cynwyd, Pa., for plaintiff.
Robert S. Allen, St. Louis, Mo., for Wetterau Inc.
Veryl L. Riddle, Thomas C. Walsh & John Michael Clear, St. Louis, Mo., for Simon, Harris, Cox, Waldron, Crutsinger, Reuff, Lewis, Barksdale, Nieman, Wetterau, Cowart, Ryan, Davis, Cockelreas and Hyland.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on defendants' joint motion to dismiss plaintiff's complaint.[1] For the reasons set forth below, the motion will be granted.
Plaintiff, a shareholder of Wetterau Incorporated ("Wetterau" or "the Company"), has filed a derivative action pursuant to Fed.R.Civ.P. 23.1 against Wetterau, its fifteen (15) present directors, and one former director. Plaintiff seeks injunctive relief, an accounting, and damages. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.
Plaintiff alleges in his complaint that the defendant directors willfully breached their fiduciary duties to the Company and to its stockholders by acts of self-dealing and by wasting the corporate assets. Specifically, plaintiff alleges that the defendant directors "grossly wasted" the Company's assets to protect and maintain their personal positions and benefits in the course of fighting off a hostile tender offer for a substantial block of the Company's common stock during the summer of 1981.
Plaintiff alleges that, on April 19, 1982, he made a futile demand upon the Company's Board of Directors to seek an accounting and to recover all damages attributable to the wrongful acts. The Company's Board of Directors considered and rejected plaintiff's demand at its meeting of May 20, 1982. Plaintiff made no demand upon the Company's shareholders prior to filing this suit.
Rule 23.1 of the Federal Rules of Civil Procedure sets forth the requirements for this shareholder derivative suit. In pertinent part, the Rule requires that the *310 "complaint shall ... allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the request." Because this action was filed in Missouri and involves a Missouri corporation, Missouri law determines whether it is "necessary" to seek relief from shareholders in connection with this derivative suit. See Jacobs v. Adams, 601 F.2d 176, 179-80 (5th Cir.1979); Brody v. Chemical Bank, 482 F.2d 1111, 1114 (2d Cir.), cert. denied, 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973).
The law is well-settled in Missouri that, in shareholder derivative suits, the plaintiff must allege that he "has made demand upon the Board of Directors to take remedial action on behalf of the corporation, and that effort failing, that plaintiff has unsuccessfully sought action by the stockholders as a body." Goodwin v. Goodwin, 583 S.W.2d 559, 560-61 (Mo.App.1979).
It is undisputed that plaintiff made no demand upon the Company's shareholders prior to filing this action. Plaintiff argues, however, that he was not required to make a demand upon the shareholders because the allegations of his complaint fall within the exception to the shareholder demand requirement. Missouri law dictates that a plaintiff need not make a demand upon the shareholders if the corporation's directors are alleged to have committed acts which are ultra vires, illegal or fraudulent. Saigh v. Busch, 396 S.W.2d 9 (Mo.App.1965), cert. denied, 384 U.S. 942, 86 S.Ct. 1465, 16 L.Ed.2d 541 (1966). The rationale underlying the exception is that such acts are not capable of shareholder ratification. Id. at 17.
Applying Missouri law to the present case, the Court is of the opinion that plaintiff has not alleged facts which would excuse a demand upon the shareholders. Plaintiff alleges that the directors breached their fiduciary duty to the corporation by engaging in certain acts and entering into certain contracts. Plaintiff argues that a breach of fiduciary duty is necessarily contrary to Missouri law and is therefore "illegal" within the meaning of Saigh. This Court does not agree.
Plaintiff alleges in his complaint that the directors' motives in undertaking certain actions constituted a breach of fiduciary duty. However, the acts complained of were, in and of themselves, entirely lawful. It is clear that the shareholders could have ratified each and every act and contract that the directors entered into. Moreover, under plaintiff's definition, the Saigh exception would swallow the general rule requiring demand upon the shareholdersall derivative suits allege some form of "illegality" as plaintiff would define that term.[2]
The Court concludes that mere allegations of wrongful motives underlying otherwise lawful acts, capable of shareholder ratification, do not constitute "illegal" acts within the meaning of Saigh. Therefore, upon the facts alleged in plaintiff's complaint, Missouri law does not excuse plaintiff from making a shareholder demand.[3] Accordingly, plaintiff's complaint will be dismissed because plaintiff has not made the proper demand upon the stockholders.
NOTES
[1] All named defendants have joined in the motion with the exception of John S. Brizendine, who has not been served and has not entered his appearance.
[2] Plaintiff cites two cases decided by the Honorable Judge Harper of this District to support his interpretation. Each of the cited cases is easily distinguishable, howeverthe directors had engaged in conduct which was not only a breach of fiduciary duty, but also fraudulent or illegal. See Heit v. Bixby, 276 F.Supp. 217 (E.D.Mo.1967); Harris v. American Investment Co. 378 F.Supp. 894 (E.D.Mo.1974), rev'd on other grounds, 523 F.2d 220 (8th Cir.1975), cert. denied, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976).
[3] Plaintiff attempts to excuse its failure to demand shareholder action on the additional ground that such action would require prohibitive expenses and would cause undue loss of time. This excuse has been rejected by the Missouri courts. See Saigh v. Busch, supra at 24 ("The size of the corporation and the delay and expense ... does not excuse the failure to seek action from the stockholders.").