■ SUZANNE S. MELTZER, Respondent, v. G. W. WATTLES et al., Appellants, et al., Defendants.— Order, entered on April 29, 1963, unanimously modified on the law, to the extent of granting the leave requested by plaintiff upon oral argument to serve an amended complaint wherein the title will recite that plaintiff sues as custodian for her two minor children and the body of the complaint will allege that she holds certain shares of stock in defendant Mergenthaler Linotype Company as such custodian pursuant to the provisions of article 8-A of the Personal Property Law (Uniform Gifts to Minors) ; and upon service of such amended complaint, otherwise affirming, without costs. In the event plaintiff does not serve such an amended complaint within 10 days after filing of the order to be settled herein, the order appealed from is unanimously reversed, on the law, with $20 costs and disbursements to appellants, and the complaint dismissed. Generally speaking, a person holding stock in a representative or fiduciary capacity has the right to institute a stockholders' derivative action, such as the complaint asserts herein, notwithstanding his lack of a beneficial interest. Section 266 of the Personal Property Law grants the custodian broad powers and duties in the disposition and investment of the custodial property. These powers clearly qualify such a custodian to bring this derivative stockholders' action on behalf of and to protect the interests of the minors who own the beneficial interest in the stock. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL OSTOLAZA, Appellant.— The determination of this appeal is held in abeyance, by unanimous vote, so that defendant may move promptly in the Supreme Court to suppress the evidence allegedly seized illegally, and so that the Supreme Court may hold a hearing without a jury to determine whether the search and seizure were incidental to a lawful arrest (People v. Coffey, 11 N Y 2d 142, 148). Although counsel for defendant originally made no objection to the admission into evidence of the three packages of heroin and other objects, he did preserve his right to review of the constitutional issue on appeal by cross-examining the police officers extensively as to the absence of a search warrant, the manner of entry into the room where the contraband was first found, the extent of the search, the role played by an informer prior to the arrest and other related circumstances bearing upon the legality of the search, seizure and arrest (People v. O'Neill, 11 N Y 2d 148; cf. People v. Friola, 11 N Y 2d 157). Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.