John J. MOONEY and Francis J. Quillinan, Trustees of BarChris Construction Corp., Debtor, Plaintiffs,

v.

Christie F. VITOLO, Leonard P. Russo, Leborio Pugliese, Bertram D. Coleman, Philip R. Grant, Peter Morgan, Drexel & Co., John Ames Ballard and John Boyer, Defendants.

No. 67 Civ. 1500.

United States District Court
S. D. New York.
June 4, 1969.

Corporation Law, McKinney's Consol. Laws, c. 4, and "involves action for fraud, waste and mismanagement."

The present proposed amended complaint is the third attempt by plaintiffs to plead a claim sounding in waste and mismanagement against officers and directors of BarChris. Defendants again move to dismiss the claim as insufficient in law.·

Permission to replead this third time was granted plaintiffs because Judge McLean had held in the bondholders' suit, Escott v. BarChris and others, D.C., 283 F.Supp. 643, that some of these directors and officers were guilty of a violation of the Securities Act of 1933 in that they knew or should have known in the exercise of due diligence that the registrations statement was ' false and misleading. Since that time on December 17, 1968, plaintiff bondholders voluntarily discontinued their suit against BarChris and all defendants upon payment of sums of money by defendants, excepting BarChris. The co-defendants also discontinued their cross claims against BarChris. The Court commented that, because of the willingness of co-defendants to pay, BarChris had gotten off scot-free.

All references to the facts pleaded in that suit as constituting waste and injury to the corporation are stricken as well as all references to the fraudulent and preferential transfers which form the basis of the First Cause of Action of this complaint and which plaintiffs have said to be in violation of the Stock Corporation Law and which we deem amended to charge a violation of General Corporation Law, McKinney's Consol.Laws, c. 23, Section 60, as well.

We turn now to the remaining allegations of this 40-page recital of irrelevancies and generalities in an attempt to disentangle the allegations in which plaintiffs charge the fraud, waste and mismanagement of the defendants.

Counsel has persisted in refusing to comply with the two prior orders of this Court, directing that he plead brief-

Alex L. Rosen, New York City, for plaintiffs.

Krause, Hirsch & Gross, New York City, for defendants Vitolo, Russo and Pugliese.

Davis, Polk & Wardwell, New York City, for defendants Drexel & Co., Coleman, Ballard and Boyer.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant Grant.

## OPINION

RYAN, District Judge.

Plaintiffs have again filed an amended complaint as to the third cause of action in this suit in which plaintiffs charge fraudulent transfers under the Bankruptcy Act, transfers contrary to Section 15 of the New York Stock Corporation Law, McKinney's Consol. Laws, c. 59, and "failure of the defendants as directors or officers to discharge their duties" as provided in Article 7, Sections 713, 717, 720(a) (1) (A), (1) (B), (2), (3) and (b) of the New York Business

ly, concretely and with some modicum of clarity, the acts of misfeasance. Failure to do so has made unnecessarily tedious and difficult the Court's work on this motion. This burden has not been lightened by the fact that the legal basis for plaintiff's accusations is stated to the New York Business Corporation Law, Sections 713, 717 and 720. The wrongful acts are alleged to have taken place between 1960 and 1962, during which period the defendants were directors and officers at various times. The Business Corporation Law relied on to support this claim did not become effective until September, 1963, and the first two sections of this new law have not counterpart in the old New York General or Stock Corporation Law in effect at the time of the commission of the acts alleged. Section 713 reads that contracts between the corporation and interested directors are not automatically void. Section 717 requires that directors exercise reasonable care but exonerates them if, in good faith, they rely on independent accountants' financial reports for the financial condition of the corporation. Section 720 reenacts Sections 60 and 61 of General Corporation Law making actionable misconduct of directors and officers.

In the proposed amended complaint, defendants are charge with being negligent, looking aside and not attending to their duties as directors in that they served interests adverse to those of Bar-Chris (paragraphs 29 and 37); that they knew or should have known that Bar-Chris was building bowling centers it could not sell or had to repossess and operate at a loss (paragraphs 74, 75); that some of them conspired to have COLEMAN again become a member of and Chairman of the Board of Directors on condition that he be given complete control of the Board and receive an employment contract and remain on the Board of the corporation for three years, and that this was done to protect the defendants COLEMAN's and BALLARD's self interests and therefore adverse to BarChris (paragraphs 81–85);

that some of the defendants—COLEMAN and GRANT—acted imprudently, kept silent and made no reasonable investigation as to the true condition of BarChris or the acts of its officers which were causing waste (paragraph 78); that "in furtherance of the plan and concerted action herein described or the individual action implemented in conjunction with the plan aforementioned," from various dates beginning with October 1960 to about October, 1962, from October, 1960 to March 1962, from July 3, 1962 to October 29, 1962, from April 17, 1961 to March, 1962, from July 3, 1962 to October 29, 1962, from 1960 to April of 1961, from July 3, 1962 to October 29, 1962—during which various dates different defendants were directors—all of the defendants were neglectful or failed to perform their duties as directors or officers of Bar-Chris by "doing nothing, by silence or passive acquiescence caused BarChris and its subsidiaries to engage in the business of constructing alleys as herein mentioned which were impractical, wasteful and which resulted in the dissipation, diversion and waste of Bar-Chris' assets as herein mentioned" (paragraph 93). This is followed by allegations concerning the registration statement, and plaintiffs then revert to the construction of seven bowling alleys—only five of which were constructed on the condition that the purchaser would go public; that BarChris acquired land and leaseholds, constructed buildings and installed fixtures and equipment; that the purchaser never went public and was incapable of completing the sale as a result of which the mortgagees, lenders, factors, landlords, etc., foreclosed the properties and evicted BarChris or its customers with resulting damage to Bar-Chris (paragraphs 96–103). Plaintiffs then continue to describe the resultant damage as the preferential transfers alleged in the First Cause of Action. Finally, this Third Cause of Action concludes with an allegation "on information and belief" that, while some of the defendants were violating their duty and

trust, or covering up, or remaining silent, or disseminating false information, or acting as agents of DREXEL, or were in control of BarChris jointly or individually, BarChris suffered damages "relating to the bowling alleys hereinafter described." Seventeen alleys are then listed for which plaintiffs seek judgment of over nine million dollars as well as an accounting to determine what its damages are!

 Aside from the fact that plaintiffs allege that some or all of the defendants at some unspecified times authorized contracts for the construction or sale of bowling alleys (some of which were not paid for or sold), it is difficult to ascertain what wrongful conduct each defendant is alleged to have engaged in during the time he was a director. Certainly, the conclusory allegations following this factual allegation that they were neglectful because their neglect caused waste and a dissipation of assets, are not sufficient. The particular acts constituting the waste from which the Court may conclude neglect must appear. Although the statute authorizes actions for negligence and the complaint speaks of negligence, plaintiffs defend the vagueness of the charges by saying that they are pleading fraud which is clandestinely accomplished, and that, as to particularization they "are damned" if they do or "if they don't." (Brief, p. 5) We have held and we again hold that plaintiffs must particularize in that they must charge as to each defendant while he was a director, the time, the act and the damage from which it appears that he was neglectful. The lumping together of a series of dates during which the defendants were respectively directors and the charge that, during these periods of time, several acts were done, is not an allegation which defendants can defend, nor is it a basis for application of discovery procedures, looking to the framing of factual issues.

We have held and again hold that, in view of the short time during which the acts are alleged to have taken place—a period of less than two years—the passage of more than eight years since the acts are alleged to have occurred, and the exceptionally broad discovery which plaintiffs have had and their opportunity for acquiring knowledge in the Bankruptcy proceeding, if they have anything to specify, they must do so by this pleading or abandon their claims. If plaintiffs have not been able to date to discover facts sufficient to constitute actionable misconduct as to each defendant charged jointly or severally, we must conclude that there are no such acts which can be substantiated and against which defendants can properly defend.

We dismiss the Third Cause of Action and suggest that trial on the First Cause of Action proceed with all speed.

So ordered.