299 So.2d 116 (1974)
HARDWICKE COMPANIES, INCORPORATED, et al., Appellants, and Polly Amy Knowles, As Administratrix of the Estate of James A. Knowles, Deceased and James A. Knowles, INC., Cross-Appellants,
v.
Leonard FREED et al., Appellees.
Nos. 73-328, 73-329.
District Court of Appeal of Florida, Second District.
June 26, 1974.
Rehearing Denied September 10, 1974.
William C. Frye, of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellants Hardwicke Companies, Inc., James J. Murray Investments, Valerie Sexton, Warner LeRoy, Harris J. Ashton and Gerald Breslauer, as trustee; Daniel J. Sullivan, of Lovejoy, Wasson, Lundgren & Ashton, New York City, of counsel.
Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellant Ben L. Harrison.
William F. McGowan, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for cross-appellants.
Michael L. Hastings, of Parker, Battaglia, Parker, Ross & Stolba, St. Petersburg, for appellees Freed, Kenet & National Medical Center, Inc.
*117 Richard L. Lapidus, of Lapidus & Hollander, Miami, for appellee Maxwell L. Dauer.
BOARDMAN, Judge.
This is an appeal by a group of minority shareholders-intervenors holding 27.1% of the shares of National Medical Properties, Inc., a Delaware corporation, one of the appellees, (hereinafter referred to as NMP) from an order entered by the trial court approving the settlement of a stockholders' derivative suit. The action alleged corporate waste with respect to the transfer of a hospital site in Miami and the use of architectural plans to build the Miami-Dade Hospital. The individual appellees (defendants-managers) are controlling shareholders of NMP and its only officers and directors. Together they own and control National Medical Center, Inc., (hereinafter referred to as NMC), a Florida nonprofit corporation. (Subsequently organized as a corporation for profit).
Knowles and his wholly owned corporation (cross-appellants) were the original plaintiffs. They commenced this stockholders' derivative suit on November 10, 1971, alleging that the defendants-managers fraudulently conspired to waste the assets of NMP in violation of their fiduciary obligations by appropriating, under the guise of NMC, the land site and architectural plans for the Miami-Dade Hospital. Knowles claimed that the appellees caused the shareholders of NMP to authorize the sale of the proposed Miami hospital project to them (NMC) because NMP could not obtain financing guaranteed by FHA which was available to appellees through their nonprofit corporation (NMC). Appellees then caused NMP to tie up all of its assets to secure a $300,000 borrowing to perfect title to the Miami land site. Thereafter, appellees obtained valuations on the land site alone in excess of the total purchase price of the land and plans together. Prior to consummation of the transaction, appellees also learned of a change in the law which would have permitted NMP to obtain FHA financing.
It does not appear in the record that the appellants could not have obtained information of the change of the law or that the individual appellees prevented the appellants from finding out that the FHA regulations had been changed.
Appellees counterclaimed against Knowles and the counterclaim was served by stipulation. Knowles died on April 8, 1972, and his estate succeeded him in the litigation but never advanced the case. On December 5, 1972, the estate entered into a compromise settlement with appellees.
Pursuant to Florida Statutes, Section 608.131(3), F.S.A., the proponents of the settlement are requred to secure court approval of the settlement agreement. The trial court notified the remaining minority shareholders of the proposed settlement; eight of the nine minority shareholders appeared at a court hearing scheduled under the mandate of Section 608.131(3). They objected to the proposal as unfair and moved to intervene in the action. The motion was granted. They alleged that the settlement would bar a newly discovered claim of lost corporate opportunity which would entitle NMP rather than the appellees, NMC, to own and operate the Miami-Dade Hospital. After proper hearing, the settlement was nevertheless approved by the court with certain limited modifications (the counterclaim against the Knowles estate was reinstated). On the question of lost corporate opportunity, the trial judge found the claim of appellants to be without merit because NMP did not have the financial ability to develop the hospital property at the time of the questioned transaction and, consequently, was not in a position to avail itself of the opportunity presented.
The main thrust of this appeal was the contention of the objecting minority shareholders that the settlement was unfair and the trial court abused its discretion in entering the order approving it. Knowles' *118 estate also appealed, urging that the trial court erred in refusing to dismiss the counterclaim of the appellees against it as had been contemplated by the settlement agreement. Because counsel for appellees informed the court at oral argument that they had abandoned their counterclaim, we originally held the question to be moot. We were mistaken in assuming the appellants-intervenors had no interest in further pursuing the issues raised in the counterclaim. Accordingly, we receded from that opinion on petition for rehearing.[1] In that opinion we temporarily relinquished jurisdiction to the trial court to enable appellants to file a motion pursuant to Rule 1.540(b)(2), RCP, 31 F.S.A.
Upon remand the trial court conducted an adversary proceeding, heard testimony and entered an order finding in pertinent part "... that there is no competent, material, newly discovered evidence which would warrant vacating the ORDER APPROVING SETTLEMENT of March 16th, 1973." The trial court further acted to amend its original order entered in this cause by dismissing the counterclaim as contemplated in the settlement between the original parties.
Having reviewed the record, including the well presented brief filed by counsel for appellants on appeal, after denial of motion on remand, and having considered the case law cited therein, we note that there is little case law in Florida relative to court approval of settlement agreements entered into pursuant to Florida Statutes, Section 608.131(3). Other jurisdictions have considered similar legislation from time to time however and, from the body of law on the subject, certain criteria by which to test the fairness and reasonableness of proposed settlements have emerged. Courts have considered the validity of the minority shareholders' claims,[2] possible defenses to such claims,[3] the probability of success if the action were pursued to final judgment,[4] the complexity, expense and likely duration of the litigation,[5] and the benefit to the corporation.[6] If, weighed against these and such other factors as may be appropriate in the individual case, the appellate court concludes that the settlement meets the statutory requirement of fairness and reasonableness (and that the appropriate procedural practices were followed), judicial approval of a settlement will not be disturbed.
In this case, the settlement returned to the corporation a profit on the transaction which was the subject of the litigation. Additionally, a number of defenses were available to the appellees. They argued that Delaware law applied to the transaction; that under Delaware law a transaction between a corporation and its shareholders is not subject to challenge if there is full disclosure prior to consummation of the deal; and that in this case the minority shareholders were cognizant of the material circumstances prior to their approval of the sale. The record likewise shows that appellees offered to permit the minority shareholders to participate in the transaction (the offer was refused) and that NMP was financially unable to develop the land itself. In concert, the several defenses available to appellees rendered the probability of the intervenors' success doubtful. In light of this fact, coupled with the corporate profit produced by the settlement, we are persuaded that the trial *119 judge exercised his sound discretion in determining that the settlement was fair and reasonable. Accordingly, the decision of the trial judge is hereby
Affirmed.
MANN, C.J., and McNULTY, J., concur.
NOTES
[1] Hardwicke v. Freed, Fla.App.2nd, 1974, 292 So.2d 610.
[2] Heddendorf v. Goldfine, 167 F. Supp. 915 (D.Mass. 1958).
[3] Manacher v. Reynolds, 39 D.Ch. 401, 165 A.2d 741 (1960).
[4] In Re Chicago Rapid Transit Co., 196 F.2d 484 (7 Cir.1952); Norman v. McKee, 290 F. Supp. 29 (N.D.Cal. 1968), aff'd. 431 F.2d 769 (9 Cir.1970).
[5] Masterson v. Pergament, 203 F.2d 315 (6 Cir.1953).
[6] Norman v. McKee, supra; Heddendorf v. Goldfine, supra.