ALBERT A. CARPENTER et al., Appellants, *v.* GEORGE P. SISTI, Respondent, et al., Defendant.

First Department, October 24, 1974.

*Noel Hauser* of counsel (*Leonard Hochheiser* with him on the brief; *Hauser & Rosenbaum, P.C.*, attorneys), for appellants.

*David G. Miller* of counsel (*Arum, Friedman & Katz*, attorneys), for respondent.

KUPFERMAN, J. This is an action for contribution, and the plaintiffs appeal from an order denying their motion to strike defenses and counterclaims.

It is alleged that General Reproductions, Inc. (hereinafter "General") was adjudicated a bankrupt under chapter 11 of the Bankruptcy Act, and that prior to September 20, 1972 it ceased to do business owing wages and salaries to employees. The plaintiffs allege that they paid more than their pro rata share of the amounts owed to such employees, and as shareholders seek contribution from the defendants who are minority

stockholders. They also seek contribution with respect to the balance of a loan owed by General, pursuant to an agreement of guarantee, which obligated the shareholders jointly and severally.

The first affirmative defense alleges that there was no execution returned unsatisfied against General prior to the payment, if any, by the plaintiffs of the employees' claims.

Section 630 of the Business Corporation Law in providing that the ten largest shareholders of corporations which are not listed on a national securities exchange or quoted on the over-the-counter market, etc. (meaning, substantially, close corporations) shall be liable for amounts due to employees, makes specific provision as to how such employees shall proceed in order to charge such shareholders, including notice in writing within 90 days after termination of services, etc.

The contribution provision reads as follows (subd. [c]): "A shareholder who has paid more than his pro rata share *under this section* shall be entitled to contribution pro rata from the other shareholders liable *under this section* with respect to the excess so paid, over and above his pro rata share, and may sue them jointly or severally or any number of them to recover the amount due from them." (Italics added.)

It has been said that the provisions of this section should be adhered to closely. (See *Lindsay* v. *Winkler,* 52 Misc 2d 1037 [Dist. Ct., Nassau County, 1967].) This is more evident in a situation where large minority stockholders not in control can be dragooned into contributing to controlling shareholders who made voluntary payments. It should also be read in conjunction with the provisions of the Labor Law providing for a civil penalty to the State (§ 197); possible liquidated damages of 25% of wages due (§ 198); and making it a misdemeanor (§ 198-a). These provisions could be the motivating factor in any wage payment by an officer-shareholder, which would not necessarily apply to a minority shareholder.

The second affirmative defense alleges that the two individual plaintiffs who owned more than a majority of the shares of the corporate plaintiff, conspired to depress the profits of General and to increase the profits of the corporate plaintiff and wasted the assets of General to the benefit of the corporate plaintiff through, among other things, subcontracting printing contracts at prices less than the prevailing market rates, and the utilization of space without the payment of rent, and as a consequence creating the situation which led to the bankruptcy.

It can be seen that these are valid affirmative defenses, which,

if proven, would prevent recovery by the plaintiffs. However, the second affirmative defense is also pleaded as a counterclaim by a defendant individually. The claim belongs to the corporation and should be brought as a derivative suit. (*Niles* v. *New York Cent. & Hudson Riv. R. R. Co.,* 176 N. Y. 119 [1903] ; *Greenfield* v. *Denner,* 6 N Y 2d 867 [1959], revg. 6 A D 2d 263 [1st Dept.] ; cf. *General Rubber Co.* v. *Benedict,* 215 N. Y. 18 [CARDOZO, J., 1915].) Of course, in view of the bankruptcy, the claim is under the jurisdiction of the Bankruptcy Court.

The order of the Supreme Court, New York County, entered January 30, 1974, should be modified on the law to strike the counterclaim, and otherwise affirmed, without costs and without disbursements.

MARKEWICH, J. P., MURPHY, LUPIANO and TILZER, JJ., concur.

Order, Supreme Court, New York County, entered on January 30, 1974, unanimously modified, on the law, to strike the counterclaim and otherwise affirmed, without costs and without disbursements.