309 So.2d 32 (1975)
J.A. BELCHER, Sr., et al., Appellants,
v.
Irwin Edward SCHILLING, Individually and As Trustee under the Trust for Louis C. Schilling, et al., Appellees.
No. 74-1053.
District Court of Appeal of Florida, Third District.
February 25, 1975.
Rehearing Denied March 26, 1975.
Horton, Perse & Ginsberg, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Alan G. Greer, Miami, for appellees.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
*33 PER CURIAM.
This is an interlocutory appeal by the defendants from an order of the circuit court denying a motion to dismiss the plaintiffs' amended complaint.
The three plaintiffs own some 45,756 shares of the common stock (approximately 16 per cent) of the defendant corporation, Belcher Oil Company. Plaintiffs, Irwin E. Schilling and Louis C. Schilling, were on the Board of Directors of the defendant corporation prior to the yearly election held on October 23, 1973.
The defendants are the following: Belcher Oil Company; J.A. Belcher, Sr., officer and director of the defendant company, to-wit: Chairman of the Board of Directors; Stuart D. Allen, director and one of the attorneys for the company; J.A. Belcher, Jr., director and employee; H.D. Snodgrass, employee.
The plaintiffs filed a shareholders' derivative action against the defendants seeking temporary and permanent injunction, mandamus, declaratory relief and money damages. The complaint was dismissed without prejudice and the plaintiffs filed an amended complaint, also in the nature of a shareholders' derivative action, alleging that the defendants knowingly misled shareholders in order to obtain their proxies, and that the defendants conspired to and did solicit and obtain competing proxies to gain control of the company. The defendants filed a motion to dismiss the amended complaint, which was denied, and this appeal ensued.
The defendants-appellants contend that the court erred in denying the motion to dismiss because (1) the plaintiffs are without standing since they are neither the stockholders who gave the proxies nor in privity with such stockholders, and (2) a stockholders' derivative action is not warranted under the facts. To substantiate the argument that the plaintiffs herein are not the proper parties to seek relief challenging the proxy or proxies given by other persons, defendants place exclusive reliance on Abbey Properties Co. v. Presidential Insurance Company, Fla.App. 1960, 119 So.2d 74, 78, wherein the following is stated: "Thus, if the proxies were improperly voted, or if they exceeded their authority, the proper parties to complain are the stockholders who gave their proxies." In our opinion, that case is inapposite and defendants' reliance thereon was misplaced.[1] The instant case deals with validity of proxies which were alleged to be improperly and illegally obtained. The rule in Florida is found in Pearson v. First Federal Savings & Loan Association, Fla. App. 1963, 149 So.2d 891, 895,[2] wherein the court found that, "... (a) court of equity has the jurisdiction to invalidate proxies of a corporation or an association obtained through fraud or misrepresentation." As to the question of whether the person complaining about such fraud or misrepresentation must be the person who gave the proxy or who was misled, we look to Dann v. Studebaker-Packard Corporation, 288 F.2d 201 (6th Cir.1961) which attacks the same issue.

*34 "But does a stockholder who has not himself given a proxy pursuant to false and misleading solicitation have standing to assert such right of action? ... the right sought to be protected ... is the right to full and fair disclosure in corporate elections. Therefore, it is not important whether or not the complaining stockholders were deceived  they could suffer equally damaging injury to their corporate interests merely because other shareholders were deceived ..." Dann v. Studebaker-Packard Corporation, supra, at page 209.
We acknowledge the fact that this case grew out of an interpretation of the Federal Securities Exchange Act, 15 U.S.C.A. §§ 78a and 78n(a),[3] but we find the underlying situations to be sufficiently analogous to warrant application of the same theory and the reasoning therefor to the instant case. The plaintiffs before this court are shareholders in the defendant corporation and they have alleged in their complaint that the other shareholders of Belcher Oil Company, as well as the corporation itself, have all been damaged as a result of the actions of the defendant. We hold that they do have standing to be parties-plaintiff to the instant litigation regardless of the fact that they are not the shareholders who gave the proxies.
Having determined that the plaintiffs are proper parties and that they do have standing, we now consider whether a shareholders' derivative action is warranted under the facts.[4] When "... the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation." Citizens National Bank of St. Petersburg v. Peters, Fla.App. 1965, 175 So.2d 54, 56. As stated by this court in James Talcott, Inc. v. McDowell, Fla.App. 1962, 148 So.2d 36, 37,
"... under certain circumstances a stockholder may bring a stockholders' derivative action which is an action in which a stockholder seeks to sustain in his own name a right of action existing in the corporation. The corporation is the real party in interest, the stockholder being only a nominal plaintiff. (citations omitted) Such an action may be brought where the corporation has wrongfully refused to bring suit as the result of fraud, bad faith, or gross abuse of discretion on the part of the board of directors."
The corporation is named as a party-defendant,[5] and each ad damnum clause demands damages for and on behalf of the use and benefit of the corporation. The complaint alleges in each count, harm to the defendant corporation and the shareholders as a result of the continuing fraud, bad faith, and gross abuse of discretion through which the board of directors was illegally constituted, and because of which the corporation is prevented from bringing suit on its own behalf. "Equity will protect a minority stockholder against conduct of the directors which is in breach of the trust confided in them and injurious to the stockholders ..." Orlando Orange *35 Groves Co. v. Hale, 1932, 107 Fla. 304, 144 So. 674, 677. The alleged acts of the defendants, then, in fraudulently obtaining proxies to gain control of the corporation is sufficient to warrant a stockholders' derivative action, provided the second requirement is met, to-wit: an allegation of wrongful refusal by the corporation to seek redress for the acts complained of.
Paragraph No. 30 of the plaintiffs' amended complaint states,
"30. It is and would be a futile and useless act for the Plaintiffs to demand that the Defendant Company remove the individual Defendants from their positions of control within said company, and to otherwise rectify the various wrongful and illegal acts performed by the Defendants because said individual Defendants are now in control of said company."
We find this to be sufficient to meet the second criteria on the authority of Orlando Orange Groves Co. v. Hale, supra, wherein the court indicates that demand on directors or shareholders need not be made if it would be impractical, unreasonable or useless,[6] stating at page 678, that demand is not necessary if the directors "... whether by reason of hostile interest or guilty participation in the wrongs complained of, cannot be expected to institute suit, or, if they do, it is apparent they will not be the proper parties to conduct the litigation." The case law is reinforced by § 608.131(2) Fla. Stat.:
"The complaint must set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board of directors of such corporation or the reasons for not having made such effort."
For the reasons stated and upon the authorities cited, the order appealed hereby is affirmed.
Affirmed.
NOTES
[1] Abbey Properties involved the question of shareholder approval of an exchange of stock between two companies. A third party, who was not a shareholder, sought to complain because proxies which were validly obtained were voted in a manner which exceeded the authority of the proxy. The court implied that if proxies which were properly obtained were improperly voted or voted in excess of their authority, the only parties who could complain were shareholders who had given their proxies. The case sub judice involves proxies allegedly improperly and illegally obtained.
[2] In Pearson, the ousted president of the defendant association sought to have the election of the Board of Directors invalidated based on the fact that the Board was elected by proxies obtained as a result of fraud and misrepresentation. The trial court dismissed for failure to state a cause of action and the Second District Court of Appeal reversed.
[3] See also Greater Iowa Corporation v. McLendon, 378 F.2d 783 (8th Cir.1967).
[4] See also Hornstein, Corporation Law & Practice, Derivative Suits, § 711, 1968 supp: "The (shareholders derivative) suit seeks vindication of the corporation's right, and in this respect is a recognition of the corporation's entity or legal personality; at the same time it seeks vindication of the individual shareholder's right to act on behalf of the corporation which refused to act on its own behalf, and to this extent, pierces `the corporate veil.'"
[5] "... It must be named as a defendant albeit a formal defendant, since American theory does not permit it to be named as as a party plaintiff in a suit it refuses to maintain ..." Hornstein, Corporation Law & Practice, Derivative Suits, § 714.
[6] Ibid. § 717.