Louis B. Heller, J.
In this stockholders’ derivative action, the defendants move to dismiss the lawsuit on the following grounds:
(1) The plaintiff does not have the legal capacity to sue (CPLR 3211 subd [a], par 3) either as an individual, or in the name of the estate of Joseph L. Greenberg, or as a representative of other shareholders in a class action, or on behalf of the corporation in a derivative capacity; and
(2) The complaint fails to state a cause of action (CPLR 3211 subd [a], par 7). The defendants also seek, in the alternative, a protective order precluding the plaintiff from continuing her inspection of Acme’s corporate books and records heretofore granted by the court.
As to the first ground for dismissal of the action, it is the defendants’ claim that the plaintiff seeks to prosecute this lawsuit wearing four hats. This contention is without foundation. A mere reading of the caption clearly reveals that this is a stockholders’ derivative action only (see suggested Form No. 626:1 in 3 White, New York Corporations [13th ed], § 626), and the complaint itself supports this conclusion. The court therefore readily finds that the plaintiff is not suing in her individual capacity or as a representative of a class of shareholders.
In support of their position that the plaintiff does not even have capacity to maintain this suit as a stockholders’ derivative action, the defendants argue that the families of the individual defendants own 86.5% (soon to be 91%) of the outstanding stock of Acme and that any benefit resulting from this lawsuit would enure almost entirely to the alleged wrongdoers, i.e., the individual defendants in their capacities as stockholders.
Defendants have misread the line of cases cited by them in this regard. They do not hold, as the defendants would have this court believe, that an innocent stockholder is precluded from instituting a derivative action simply because the defendants, as stockholders, would benefit from any recovery by the corporation. Rather, the cases stand for the proposition that when stockholders are estopped, because of their own knowledge, ratification or participation in the wrongdoing, from questioning wrongs done their corporation, they cannot redress these wrongs through a derivative suit brought on *183 behalf of the corporation (Diamond v Diamond, 307 NY 263, 266).
There is no claim by the defendants herein that the plaintiff was a participant in defendants’ alleged wrongdoing and consequently she should not be estopped from maintaining this action. Furthermore, her right to sue derivatively does not depend upon the smallness of her holdings or upon the fact that she is the sole complaining stockholder (Everett v Phillips, 288 NY 227, 233). As the court in Heller v Boylan (29 NYS2d 653, 667, affd 263 App Div 815) said: "The majority [stockholders] cannot, save by due legal process, make that which is illegal, legal, nor can it confiscate the company’s assets or dispense them as unearned bounties. Majority rule does not license subjugation or immunize spoliation.”
Plaintiff can therefore prosecute this stockholders’ derivative action on the basis of her own stock ownership (Business Corporation Law, § 626, subd [b]). She is also suing as executrix of the estate of her deceased husband based on the estate’s ownership of Acme stock. While a person holding stock in a representative capacity, such as an administrator or executor of an estate, has the right to institute a stockholders’ derivative action (Meltzer v Wattles, 19 AD2d 871; Marco v Dulles, 177 F Supp 533, 551), defendants argue that the plaintiff has no such right here, because the coexecutrix of the estate, Lucille Silverman, does not consent and in fact opposes this suit on behalf of the estate. Defendants further argue that, in view of this conflict between cofiduciaries, plaintiff should have applied to the Surrogate’s Court for permission to prosecute this suit on behalf of the estate.
The court finds these arguments to be without merit. Since Mrs. Silverman as coexecutrix cannot be expected to give her consent to this action in view of her status as a defendant and her husband being a codefendant, the plaintiff should not be foreclosed from representing the estate. The court has not been referred to any applicable statutory law which would require that the plaintiff first seek the approval of the Surrogate’s Court; the statutes cited by the defendants — SCPA 2102, (subd 6) and subdivision (h) of section 612 of the Business Corporation Law — are not relevant to the facts herein.
Accordingly, defendants’ motion to dismiss on the ground that plaintiff does not have legal capacity to sue is denied in all respects.
Turning now to that branch of the motion seeking a dis *184 missal for failure to state a cause of action, it is defendants’ position that the complaint is insufficient on the grounds that it contains only conclusory allegations of wrongdoing, that it does not adequately identify the transactions or occurrences forming the subject matter of the action, nor set forth the details constituting the circumstances of the purported wrongs, nor identify the party-defendants who either actively or passively committed these alleged wrongs.
CPLR 3013, the general pleading section, requires that: "Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.”
The leading case of Foley v D’Agostino (21 AD2d 60), held that the primary function of pleadings under CPLR 3013 is to advise the adverse party of the pleaders’ claim or defense. The court said in amplification (p 63): "But it is clear that, under the Civil Practice Law and Rules, the statements in pleading are still required to be factual, that is, the essential facts required to give 'notice’ must be stated * * * Nevertheless, a party may supplement or round out his pleading by conclusory allegations or by 'stating legal theories explicitly’ if the facts upon which the pleader relies are also stated.”
Thus, under CPLR 3013, a cause of action cannot be predicated solely on mere conclusory statements unsupported by factual allegations (Taylor v State of New York, 36 AD2d 878, citing Foley v D’Agostino, supra; Greenbaum v American Metal Climax, 27 AD2d 225, 232). Moreover, as the complaint alleges a breach of trust duty on the part of the officers and directors of a corporation, "the circumstances constituting the wrong shall be stated in detail” (CPLR 3016, subd [b]X This requirement, applicable only to certain enumerated causes of action, is in addition to and is to be distinguished from the more general pleading provisions of CPLR 3013 (Block v Landegger, 44 AD2d 671; Marcucilli v Alicon Corp., 41 AD2d 932; Meltzer v Klein, 29 AD2d 548; Kutik v Taylor, 80 Misc 2d 839, 842).
An examination of the complaint herein reveals that the defendants are charged individually and pursuant to a plan, scheme and conspiracy with failure to perform their duties as directors, officers and persons in control of Acme, and with wasting, diverting, misapplying and dissipating assets and *185 property of Acme, etc. This is followed by 10 allegations, upon information and belief, of the defendants’ purported wrongdoing.
The court finds that the charges set forth in the complaint do not comply with the pleading requirements of CPLR 3013 and 3016 (subd [b]). They are conclusory allegations of breaches of fiduciary duty unsupported by factual assertions of specific wrongdoing. Furthermore, the allegations do not sufficiently illuminate the transactions involved. (See Block v Landegger, supra, where the court cites one example of an inadequate allegation, which allegation is not substantially different in nature than those herein.) Moreover, it is impossible to ascertain what wrongful act each defendant is alleged to have engaged in and when, as the particular acts constituting the purported wrongdoing have been omitted from the complaint. (See Mooney v Vitolo, 301 F Supp 198, affd 435 F2d 838.)
As was stated in Greenbaum v American Metal Climax (27 AD2d 225, 231-232, supra): "It is well known that derivative actions by stockholders generally involve extensive pretrial procedures, including lengthy examinations before trial, and then, finally, prolonged trials; and that they also entail large litigation costs, including the probability of a considerable liability upon the corporation for the defense costs of defendant officers. Such actions are a heavy burden upon the courts and litigants * * * They [the plaintiffs] are required to set forth something more than vague general charges of wrongdoing; their charges must be supported by factual assertions of specific wrongdoing; conclusory allegations of breaches of fiduciary duty are not enough.”
Accordingly, the motion to dismiss on grounds that the complaint fails to state a cause of action is granted, but without prejudice to an application by the plaintiff, if she be so advised, for leave to serve an amended complaint within 30 days after completion of her examination and inspection of Acme’s books and records which is being conducted pursuant to an order of judgment entered in this court on May 22, 1974. The court is granting this time frame within which the plaintiff can serve the amended complaint so that she will have an opportunity to ascertain and obtain the information necessary to frame a sufficient complaint in this action. The court wishes to note parenthetically, that it would be most reluctant to permit the plaintiff to continue the aforesaid *186 examination once issue is joined in the derivative action; otherwise, the plaintiff would reap the benefit of a much broader examination than would be available to her under the disclosure procedures of CPLR 3101 et seq.
In view of the above disposition of this case, defendants’ request for alternative relief in the form of a protective order is denied. (See the court’s decision, decided this day, in the companion contempt motion brought by the plaintiff with regard to her continuing inspection and examination of Acme’s books and records).