Irene JACOBS and Gabriel Galef, Plaintiffs-Appellants,

v.

Joe A. ADAMS et al., Defendants-Appellees.

No. 77–1319.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1979.

Jack G. Hand Jr., Wm. J. Sheppard, Sheppard, Fletcher, Hand & Adams, Jacksonville, Fla., Garwin & Bronzoft, Sidney L. Garwin, New York City, for plaintiffs-appellants.

Bedell, Bedell, Dittmar & Zehmer, Chester Bedell, Peter D. Webster, John A. DeVault, III, Jacksonville, Fla., for defendants-appellees directors.

Beekman & Bogue, Martin P. Unger, New York City, Marks, Gray, Conroy & Gibbs, Delbridge L. Gibbs, Jacksonville, Fla., for Winn-Dixie Stores.

Before BROWN, Chief Judge, and TUTTLE and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The inquiry in this case is whether the district court properly dismissed this shareholders' derivative suit on the grounds that the plaintiffs-executors lacked capacity to bring the action under Florida law and that the plaintiffs' failure to make a demand on the stockholders to bring the action, or to state the reasons for their failure to make such a demand, is a bar to the derivative suit. We conclude that the suit was erroneously dismissed and reverse and remand for proceedings not inconsistent with this opinion.

Irene Jacobs and Gabriel Galef are the executors of the last will and testament of Charles Jacobs, who was domiciled in New York at the time of his death on December 18, 1974. Jacobs and Galef were issued letters testamentary on February 3, 1975, by the Surrogate's Court of the County of New York. As executors, Jacobs and Galef own thirty-seven shares of common stock in Winn-Dixie Stores, Inc. (Winn-Dixie), which constitutes less than one percent of the outstanding shares of common stock.

In June of 1975, the executors filed this derivative suit in federal district court in Florida, the state where Winn-Dixie was incorporated, alleging violations of Section 14(a) of the Securities Exchange Act of 1934 and the common law. The claim arises out of the purchase by Winn-Dixie in 1975 of five distribution centers and one bakery from the four Davis brothers named as defendants, who were at that time, and are presently, directors and controlling stockholders of the corporation. The complaint alleges that a proxy statement dated February 25, 1975, giving stockholders notice of a special meeting to be held on March 27, 1975, to consider the purchase was materially misleading, and that the purchase price for the properties was approximately six million dollars in excess of the price which could have been obtained from an independent buyer in an arms-length transaction. The vote at the stockholders' meeting was

forty-three to one in favor of the transaction, with the shares owned by the Davis brothers not voting. Because of the alleged fraud upon the corporation and the shareholders, gift and waste of corporate assets, and the violation of § 14(a) of the Exchange Act, the executors seek a declaration that the purchase of the properties is null and void, an accounting for excessive rentals and profits, an award of costs and attorneys' fees, and such other relief deemed just and equitable by the court.

The defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted that motion, concluding that the plaintiffs, as executors, lacked capacity under Rule 17(b), Fed.R.Civ.P., to bring a stockholders' derivative suit and that the complaint failed to allege under Rule 23.1, Fed.R.Civ.P., either a demand on the stockholders of the corporation or reasons adequate to excuse such a demand.

■ We turn first to the district court's conclusion that the plaintiffs, as executors, are without capacity under Rule 17(b) to bring this derivative suit. With regard to a party's capacity to sue or be sued in the federal courts, Rule 17(b) provides:

The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of en-

forcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C. §§ 754 and 959(a).

Under the provisions of Rule 17(b), the district court correctly looked to the law of Florida, the state in which the district court was held, to determine the executors' capacity to maintain this derivative suit as representatives of the decedent's estate. Because these executors were appointed in New York, § 734.30(1) [1] of the Florida Statutes, pertaining to foreign personal representatives, applied:

Personal representatives who produce probate of wills or letters of administration duly obtained in any of the states or territories in the United States and authenticated under the act of congress of May 26, 1790, shall be authorized to maintain actions in the several courts of this state under the same rules and regulations as other plaintiffs.

It is clear from a simple reading of the statute that Florida allows foreign executors to come into its courts and maintain actions on behalf of the estates they represent. The district court looked beyond the capacity to sue conferred by § 734.30(1), however, and sought to determine whether a Florida executor would have the power to maintain a derivative suit under the circumstances in the instant proceeding, that, is, where the estate's potential recovery is minimal as compared to its potential liability if the suit is unsuccessful. Although there is no clear authority in Florida's statutory or decisional law on point, the district court determined that a Florida executor would not be permitted to institute such an action because of the potential harm to the

---

1. Section 734.30 has since been replaced by § 734.101, subsection (1) of which provides for substantially identical access by foreign personal representatives to Florida's courts as that provided for in § 734.30(1):

Personal representatives who produce authenticated copies of probates wills or letters of administration duly obtained in any state or territory of the United States may maintain actions in the courts of this state.

estate.[2] We need not reach the issue because we are of the opinion that Florida courts would only apply Florida law to determine the executors' *capacity* to sue, that is, the right to come into Florida's courts, and would apply New York law to determine the appropriate scope of the New York executors' *power* or *right* to bring a particular suit. *Cf. O'Donnell v. Elgin, Joliet & Eastern Ry. Co.*, 193 F.2d 348 (7th Cir. 1951) (capacity under Rule 17(b) contrasted with venue and jurisdiction in terms of the lack of a right and remedy). The Florida Supreme Court recognized as the general principle regarding the powers and liabilities of executors and administrators that such personal representatives "derive their powers from, and are amenable only to, the forum of the State under whose laws they hold office." *In re Paine's Estate*, 128 Fla. 151, 166, 174 So. 430, 436 (1937). We thus look to New York law to determine whether these executors have the power to bring this derivative suit.

■ The New York courts have specifically recognized the right of "a person holding stock in a representative capacity, such as an administrator or executor of an estate, . . . to institute a stockholders' derivative action." *Greenberg v. Acme Folding Box Co.*, 84 Misc.2d 181, 183, 374 N.Y.S.2d 997, 1000 (Sup.Ct.1975). *Accord, Marco v. Dulles*, 177 F.Supp. 533 (S.D.N.Y. 1959); *Meltzer v. Wattles*, 19 A.D.2d 871, 244 N.Y.S.2d 100, 101 (1963). Further, where a minority stockholder asserts a cause of action for wrong done to the corporation, it is immaterial under New York authority whether the minority stockholder has a large or small interest. *See Everett v. Phillips*, 288 N.Y. 227, 43 N.E.2d 18 (1942). In light of these cases, it is apparent that the executors in this case had the power and the right under the applicable New York law to bring the derivative action. Thus, the plaintiffs-executors not only had capacity to sue under Florida law, they also had the power to bring this particular suit under New York law, and the district court improperly dismissed the suit on the capacity issue.

The district court's alternative ground for dismissal, the executors' failure to make a demand on the stockholders in compliance with Rule 23.1, is also based on an erroneous interpretation of the controlling law. Rule 23.1 applies to derivative actions by shareholders brought in federal courts and provides, with regard to demands on shareholders:

> The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.

■ Neither the Supreme Court nor the Fifth Circuit has thus far decided whether the standing requirements of Rule 23.1 would govern over conflicting requirements under the law of the forum state, and the other federal court decisions on the issue have not been uniform. *Schilling v. Belcher*, 582 F.2d 995, 999 n.1 (5th Cir. 1978). We need not reach the issue in this case either, for we must decide only whether federal law or applicable state law determines the necessity of making a demand on the shareholders prior to bringing a derivative suit. The majority of the cases considering this question focus on Rule 23.1's inclusion of the words "if necessary" in reference to shareholder demands, resulting in an interpretation of that portion of the rule to refer to the requirements of the applicable state law. *See Brody v. Chemical Bank*, 482 F.2d 1111, 1114 (2d Cir.), *cert. denied*, 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973); *Oldfield v. Alston*, 77 F.R.D. 735, 739 (N.D. Ga.1978); *GA Enterprises, Inc. v. Leisure Living Communities, Inc.*, 66 F.R.D. 123, 128 (D.Mass.1974), *aff'd*, 517 F.2d 24 (1st Cir. 1975); 3B Moore's Federal Practice ¶ 23.1.19, at 23.1–95 nn. 42 & 43 (2d ed. 1948). We conclude that such an interpre-

---

**2.** *But cf. Hardwicke Co. v. Freed*, 299 So.2d 116 (Fla.App.1974), *cert. denied*, 310 So.2d 738 (Fla. 1975). In this case, a Florida executor was permitted to maintain a derivative suit where the decedent had instituted the suit several months prior to his death.

tation is correct and thus look to Florida law, since Florida is both the forum state and the state of Winn-Dixie's incorporation, to determine whether a demand on shareholders, or an alleged excuse for not so demanding, is a necessary prerequisite to bringing a derivative action in Florida's state or federal courts.

■ At the time of the institution of this action and at the times the alleged wrongful acts occurred, § 608.131 of the Florida Statutes, governing the maintenance of stockholders' derivative actions, was in effect.[3] With regard to requirements for a demand as a prerequisite to a derivative suit, § 608.131(2) provided: "The complaint must set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board of directors of such corporation or the reasons for not having made such effort." The express requirement of a demand on shareholders is conspicuously absent from Florida's statute. The statute was enacted in 1963, long after Rule 23.1 and its substantially identical predecessor were in force. The express requirement for a demand on directors and the lack of reference to a demand on shareholders strongly suggest that the Florida legislature did not intend that a demand on shareholders constitute a prerequisite to the maintenance of a derivative action. Although at common law the Florida courts apparently required that a demand on shareholders be made or excused as futile, see Orlando Orange Grove Co. v. Hale, 119 Fla. 159, 161 So. 284 (1935), the decisions rendered since the enactment of § 608.-131(2) focus on that statute's requirement of a demand on the directors and do not appear to recognize the existence of a requirement of a demand on shareholders, see Belcher v. Schilling, 309 So.2d 32 (Fla.App.),

cert. denied, 318 So.2d 404 (Fla.1975); Conlee Construction Co. v. Cay Construction Co., 221 So.2d 792, 796 (Fla.App.1969). We thus conclude that, under the Florida law applicable at the time this suit was instituted, the plaintiffs were not required to make a demand on the shareholders or to allege their reasons for not making such a demand.[4] The district court therefore erroneously dismissed their suit on the ground that they had failed to make the required demand on shareholders.

Having indicated our conclusions regarding the appropriate application of the pertinent law to the procedural facts in this case, we reverse the district court's dismissal of the case and remand so that the plaintiffs may proceed on the merits of the case.

REVERSED AND REMANDED.

---

3. Section 608.131 has since been replaced by § 607.147.

4. We note in passing that these plaintiffs might well be excused on grounds of futility from making a demand on the shareholders even if such a demand were required because the individual defendants are the controlling shareholders as well as the directors of Winn-Dixie. The plaintiffs' complaint sufficiently sets forth their reasons for not making a demand on the directors to bring the action; the plaintiffs allege that the directors are joined as defendants since they approved of or acquiesced in the alleged unlawful acts and that the directors are wholly dominated and controlled by the Davis brothers, who are also directors and defendants.