■ BERTRAM A. POWERS, as President of New York Typographical Union No. 6, Plaintiff, v ADCRAFT TYPOGRAPHERS, INC., et al., Defendants, DAVID LEVINE, Appellant, and LEONARD STERNE, Respondent. — Judgment of the Supreme Court, New York County (Sherman, J.) entered September 9, 1980, granting the motion of defendant Sterne for summary judgment dismissing the cross claim of defendant Levine against him is unanimously affirmed, with costs. Appeal from order entered September 3, 1980 dismissed, without costs, as subsumed in the judgment. New York Typographical Union No. 6, entered into a collective agreement with an association of employers. Adcraft Typographers, Inc., which was a member of the association, became bound thereby. Under the agreement, Adcraft was required to make specified payments to a pension plan, a welfare trust fund and a benefit and productivity fund. The purpose of these funds was and is to provide specified benefits for workers employed in the printing industry who are eligible therefor. Commencing some time around July, 1977, Adcraft stopped making payments to these funds. Subdivision 1 of section 198-c of the Labor Law provides that an employer who fails to make payment of wage supplements (payments to funds intended to provide peripheral benefits for workers are so classified by § 198-c, subd 2) for a period of 30 days shall be guilty of a misdemeanor. If the employer is a corporation "the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor" (§ 198-c, subd 1). The constitutionality of these provisions has long been established (*People v Trapp,* 20 NY2d 613; *People v Doundoulakis,* 38 Misc 2d 984). By reason of the failure of Adcraft to make payment to the funds Local 6 filed a complaint with the Department of Labor seeking invocation of criminal sanctions against Levine as president and treasurer of Adcraft. Simultaneously, it brought this action against Levine, Paglia (whose precise relationship to Adcraft is not disclosed) and Sterne, as vice-president of the corporation, to recover a sum in excess of $67,000 allegedly due to the funds from Adcraft. Subsequently, Local 6 moved for summary judgment against all defendants. However, prior to the return date, the motion was withdrawn, without prejudice, against Sterne only. The motion was granted and Levine disposed of the union's claim by payment of $55,000 to the funds. Following disposition of the union's claim Levine served a cross claim on Sterne alleging that liability of the individual defendants flowed from section 630 of the Business Corporation Law and section 198-c of the Labor Law and, that under subdivision (c) of section 630 of the Business Corporation Law, he is entitled to recoup from Sterne, as vice-president and the second largest stockholder of Adcraft, his pro rata share of the amount paid by Levine to the funds. Sterne moved for summary judgment

dismissing the cross complaint. Special Term granted the motion. We affirm. Subdivision (a) of section 630 of the Business Corporation Law imposes on the 10 largest shareholders of a corporation personal liability "for all debts, wages or salaries due and owing to any of its laborers, servants or employees * * * for services performed by them for such corporation". "Wage supplements" as defined by subdivision 2 of section 198-c of the Labor Law and "debts, wages or salaries" as set forth in subdivision (a) of section 630 of the Business Corporation Law are equated under subdivision (b) of section 630. Still subdivision (a) of section 630 requires as a condition precedent to an action against shareholders that judgment be recovered against the corporation and that execution on such judgment be returned unsatisfied. While subdivision (c) of section 630 permits a shareholder who has paid more than his pro rata share under subdivision (a) to recover the excess from other shareholders liable, he may do so only if payment is made in accordance with subdivision (a) (*Carpenter v Sisti*, 45 AD2d 529). Here, there is no allegation or showing that execution was ever issued against Adcraft, much less returned unsatisfied. Indeed, the proof shows that Levine settled the claim by payment of $55,000; that Adcraft is still operating (cf. *Grossman v Sendor*, 64 AD2d 561), albeit as a broker rather than as a printer, and that Levine is still its president. Hence, the condition precedent to Sterne's liability under subdivision (a) of section 630, i.e., the return of execution unsatisfied as against the corporate debtor, has not been met. If liability is sought to be imposed under section 198-c of the Labor Law, it is plain that Sterne does not fall within the categories of corporate officers specified in the section. He was neither the president, nor secretary, nor treasurer; nor did he perform any of the functions of those offices. The proof demonstrates that he was employed by Adcraft as plant superintendent. As an incentive he was permitted to buy stock in the corporation and, at the time of his discharge, held a 25% interest in the corporation. However, upon the termination of his employment he was required to and did sell his shares back to the corporation. In sum, it is clear that his authority was limited to supervision of the plant. He neither possessed nor exercised any executive authority. It is plain, therefore, that section 198-c of the Labor Law has no application to him. Thus, whether contribution is sought under section 630 of the Business Corporation Law or under section 198-c of the Labor Law, no right thereto exists. Concur — Carro, J. P., Markewich, Bloom and Fein, JJ. Silverman, J., concurs on constraint of *Carpenter v Sisti* (45 AD2d 529).