LINCOLN FIRST BANK, N. A., as Executor and Testamentary Trustee of ALEXANDER B. IRELAND, Deceased, Respondent, v DELOS N. SANFORD et al., Respondents, and JAMES LEIFFER et al., Appellants. (Appeal No. 1.)

Fourth Department, December 26, 1991

### APPEARANCES OF COUNSEL

*Offermann, Mahoney, Cassano, Pigott, Greco & Whalen (Eugene Pigott* of counsel), for James Leiffer and others, appellants.

*Solin, Polito & Anderson (Richard Anderson* and *Joseph C. Ballister* of counsel), for Lincoln First Bank, N.A., respondent.

### OPINION OF THE COURT

BALIO, J.

The principal issue raised on appeal is whether Surrogate's Court has subject matter jurisdiction over a stockholder derivative action instituted by an executor and testamentary trustee on behalf of the estate of a deceased stockholder. We conclude that, under the circumstances of this case, Surrogate's Court does not have jurisdiction.

Prior to his death on March 3, 1981, Alexander B. Ireland was the owner of 50% of the stock of Rochester Air Freight Service Corporation, Buf-Air Freight Corporation and Buf-Air Express, Inc. Buy-sell agreements executed by Ireland and respondent Delos N. Sanford, the owner of the remaining 50% interest, required the surviving owner to pay the decedent's estate an agreed-upon sum for the decedent's interest in Rochester Air Freight Service and Buf-Air Freight Corporation. Respondent Sanford purchased Ireland's interest in those corporations as required by the agreements.

No buy-sell agreement exists, however, with respect to the stock of Buf-Air Express, Inc., a corporation formed to transport cargo from Buffalo to Canada and whose main asset was a license to do business in Canada. On March 17, 1981, Ireland's will was admitted to probate. Petitioner bank, as executor and testamentary trustee, became the holder of Ireland's 50% stock interest in Buf-Air Express. It appears that respondent Leiffer is the current owner of the remaining 50% interest in Buf-Air Express.[1]

---

1. Respondent Sanford asserts that in 1982, he sold his 50% interest in Buf-Air Express to Can Am Traffic Services Limited. Respondent Leiffer maintains that he is the current owner of that 50% interest. The petition

The instant petition was filed in Surrogate's Court in 1984. The petition alleges that improper allocation of income and expenses between Buf-Air Freight and Buf-Air Express between 1980 and 1982 has resulted in conversion and waste of corporate assets of Buf-Air Express. Petitioner seeks an accounting for the years 1980 through 1983, the restitution of cash reserve assets to Buf-Air Express and an award of damages against the various respondents for the conversion and waste of corporate assets. This appeal is from an amended order which denied cross motions of respondents (except respondent May) for summary judgment dismissing the petition. The Surrogate found that, under the circumstances of this case, the traditional stockholder derivative action would be "unavailing" and that only the estate could act on behalf of decedent's interest. The court described the dispute as involving "a substantial interest and right of a decedent's estate and accordingly to be accorded subject matter jurisdiction in the Surrogate's Court." We disagree.

The instant proceeding clearly constitutes a shareholder derivative action. An action commenced by a shareholder alleging the misappropriation or waste of corporate assets is a shareholder derivative action provided for by section 626 of the Business Corporation Law *(see, Abrams v Donati,* 66 NY2d 951, *rearg denied* 67 NY2d 758; *Southeast Chrysler-Plymouth v Pieroni,* 96 AD2d 745, 746; *Carpenter v Sisti,* 45 AD2d 529; *Lait v Leon,* 19 AD2d 540; *see also, Lewis v S. L. & E., Inc.,* 629 F2d 764, 768, n 10 [interpreting New York law]).

The subject matter jurisdiction of Surrogate's Court includes "all actions and proceedings relating to the affairs of decedents" and all proceedings pertaining to the administration of estates (NY Const, art VI, § 12 [d];[2] *see also,* SCPA 201 [1]). The history and trend "is one of steadily expanding jurisdiction" *(Matter of Piccione,* 57 NY2d 278, 287, *rearg denied* 58 NY2d 824). " ' "[F]or the Surrogate's Court to decline jurisdiction, it should be abundantly clear that the matter in contro-

alleges that Sanford sold his stock interest in all three corporations (Rochester Air Freight, Buf-Air Freight and Buf-Air Express) to respondent Leiffer, who is the sole stockholder of Can Am Traffic Services Limited.

2. The full text of this subdivision is as follows: "The surrogate's court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto, guardianship of the property of minors, and such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law."

versy in no way affects the affairs of a decedent or the administration of his estate" ' " *(Matter of Piccione, supra,* at 288, quoting from *Matter of Young,* 80 Misc 2d 937, 939). In *Piccione,* for example, the court held that Surrogate's Court had subject matter jurisdiction over an eviction proceeding. The estate sought to evict the tenants in order to sell the property and wind up the administration of the estate. Because the proceeds of the sale were to go to the estate and Surrogate's Court would ultimately decide how the proceeds would be distributed, the court observed that "it can hardly be said that this controversy 'in no way affects the affairs of the decedent or the administration of the estate' " *(Matter of Piccione, supra,* at 290).

In the instant proceeding, petitioner does not seek any relief which would directly benefit the estate. Petitioner seeks a return of cash reserves to Buf-Air Express and an award of damages for the conversion and waste of corporate assets. It is the corporation, not the estate, which is entitled to the award of damages, notwithstanding the fact that Buf-Air Express is a close corporation owned by two shareholders *(see, Glenn v Hoteltron Sys.,* 74 NY2d 386, 392-393; *see also, Matter of Maki v Estate of Ziehm,* 55 AD2d 454). There is no demonstration that decedent's stock is to be sold and the proceeds distributed as part of the administration of the estate or the testamentary trust *(see, Dunham v Dunham,* 40 AD2d 912; *Matter of Sirotta,* 117 Misc 2d 1088 [where the valuation or sale of stock was involved]). In sum, the relief sought in this proceeding will not relate to the affairs of decedent and will not affect the administration of the estate *(see, Matter of Corning,* 108 AD2d 96, *appeals dismissed* 66 NY2d 695).[3]

We do not suggest that all stockholder derivative actions are outside the subject matter jurisdiction of Surrogate's Court. Where it is alleged that the decedent misappropriated corporate funds and a stockholder derivative action is commenced against the estate, the matter clearly would involve the affairs of the decedent and would be within the jurisdic-

3. Petitioner asserts that, as part of the misallocation of funds between Buf-Air Freight and Buf-Air Express, the estate has received more money that it should have when it sold decedent's stock interest to respondent Sanford. This, however, does not relate to the stockholder derivative action; it is a matter between the estate and Sanford. No relief is sought against the estate in the petition, and Sanford has not asserted a counterclaim for such relief. Moreover, a separate action is pending in Supreme Court for the judicial dissolution of Buf-Air Express.

tion of Surrogate's Court *(see, Matter of Maki v Estate of Ziehm,* 55 AD2d 454, *supra).* That is not the situation here. The fact that an estate owns stock in a corporation does not confer jurisdiction upon Surrogate's Court to resolve all matters involving that corporation *(see, Matter of Corning, supra; Matter of Pulitzer,* 139 Misc 575, 585-586, *affd* 237 App Div 808; *see generally,* 28 NY Jur 2d, Courts and Judges, § 287).

There is no merit to respondents' contention that petitioner cannot satisfy the contemporaneous ownership requirement of Business Corporation Law § 626. It is settled law that a fiduciary can maintain a shareholder derivative action *(see, Meltzer v Wattles,* 19 AD2d 871; *Greenberg v Acme Folding Box Co.,* 84 Misc 2d 181, 183; *North v Ringling,* 187 Misc 621).

Accordingly, we should reverse the amended order and direct that this proceeding be transferred to Supreme Court, Monroe County, for further proceedings *(see,* NY Const, art VI, § 19 [d]; *Matter of Corning,* 108 AD2d 96, 103, *supra).*

DENMAN, P. J., CALLAHAN, LAWTON and DAVIS, JJ., concur.

Order unanimously reversed, on the law, without costs, and matter remitted to Monroe County Surrogate's Court, for further proceedings, in accordance with an opinion by BALIO, J.